## Pennsylvania Railroad Co. *versus* Miller, *et ux.*

A carriage was shipped on defendants' railroad. The bill of lading given to plaintiff provided that except when the agents of the defendants were guilty of gross negligence, they were not to be responsible for any of the damages of railroad or of fire. The carriage reached its destination, much injured by fire. On inquiry by the plaintiff, as to the occasion of the fire and where it occurred, the defendants refused to give him any information in regard thereto. In an action by plaintiff for damages, *Held*, that by the refusal of defendants to give any account of the cause of the injury, a presumption of negligence arises which they must rebut, and this presump-

| 87 | 395 |
| 148 | 531 |

| 87 | 395 |
| 166 | 189 |

| 87 | 395 |
| 193 | 344 |

| 87 | 395 |
| 198 | 585 |

| 87 | 395 |
| 203 | 528 |

| 87 | 395 |
| f 27 SC | ¹350 |

| 87 | 395 |
| 37SC | 279 |

[Pennsylvania Railroad Co. *v.* Miller.]

tion is not, *ipso facto*, repelled by evidence that defendants exercised ordinary care, and the court properly left it to the jury to determine whether the defendants had been guilty of negligence or not.

October 14th 1878.  Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.  WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 63.

Case by Thomas N. Miller and wife against the Pennsylvania Railroad Company for injury to a carriage of plaintiff, which, it was alleged, was occasioned by defendants' negligence.

At the trial before Ewing, P. J., it appeared that Mrs. Miller purchased a carriage in New York, which was delivered to the defendant at Jersey City, consigned to T. N. Miller, at Pittsburgh. When the carriage was delivered a bill of lading was given by defendants, which provided that except when their agents were guilty of gross negligence, the company was not responsible for injuries that might arise "from the damages of seas or railroad," &c., "or from fire," &c.  Two or three days after the shipment Mr. Miller received notice from the freight agent of the company of the arrival of the carriage in a damaged condition, and that inquiry would be made as to the occasion thereof.  Mr. Miller called upon the agent and found the carriage badly injured, evidently by fire, and refused to accept it.  The carriage was stored by the company and afterwards sold for charges.

Mr. Miller being on the stand, the plaintiffs offered to prove by the witness that immediately after the phæton was brought to Pittsburgh in its damaged condition, he applied to the defendant's general freight agent at Pittsburgh, and to other proper officials of the company defendant, for information as to when, where and how the loss or damage occurred, but was refused and denied such information; that he went over the defendant's road and traced the phæton (in safety) to Altoona, and upon applying at that point to the proper official of the company for information as to how the loss occurred, was refused such information, and that the witness has repeatedly since asked such information of the defendant company, but has always met with a refusal.  This as bearing upon the question of the defendant's alleged negligence and as excusing the plaintiff from going into proof as to the particulars of the damage.

Counsel for defendant objects to the evidence as irrelevant; as under the bill of lading in evidence the defendants are only liable on proof by plaintiff of negligence.  The *narr.* alleges such negligence, and offers no notice or suggestion of such evidence as is now offered.

The court overruled the objection and admitted the evidence.

On cross-examination the witness said that since suit brought he had made inquiries elsewhere, and learned that the fire had occurred during transportation.  He further testified that Carpenter, the

freight agent, promised to let them know what caused the fire as soon as he heard from the parties, but never furnished said information, and subsequently said that the company was not liable because it had a release.

The defendants moved for a nonsuit, which the court refused. They then proved that the carriage had been properly loaded; that through some unknown cause the train had taken fire, and that the damage occurred in spite of the utmost efforts of the train hands to extinguish the flames.

The court refused a point of the defendants, "that there is no evidence of negligence in this case that would justify the jury in finding against the defendant," and in the general charge, inter alia, said:

["It was the duty of the defendant company in this case to have furnished some explanation of the manner in which the injury occurred; and if you find that they refused to do so, and find that the company persistently refused to give information as to the circumstances until it was heard by witnesses on the stand in defence on trial of this case, then a presumption is raised against the defendant that the injury arose from the negligence of the defendants or its agent, and it throws the burden of proof on the defendants to rebut this presumption by evidence showing the circumstances under which the fire occurred.]

"This they have undertaken to do. Notwithstanding you may find the facts that will throw on the defendants the burden of proof to exculpate them from negligence, yet you must find what the actual facts are from all the testimony, and from these determine whether or not in fact the fire to the carriage occurred by reason of the negligence of the defendants' servants—that is, by the failure to do something, or the doing something, which a person of ordinary care and prudence would have done or refrained from doing under the circumstances of the case. That is, to find for the plaintiff you must find as a fact from the evidence, that the railroad company or some of its employees neglected to do something which a man of ordinary care and prudence would do to take care of this property; or that they did some affirmative, positive act that a person of ordinary care and prudence would not have done, and that that neglect —the want of the exercise of that prudence and care—contributed to and was the cause of this fire and injury, and you will take all the testimony in regard to that."

Verdict for plaintiffs for $1065.20, and after judgment defendants took this writ, assigning, inter alia, for error the admission of the testimony, the answer to the point and the portion of the charge in brackets noted above.

*Hampton & Dalzell*, for plaintiffs in error.—The defendants below were special bailees for hire, not liable to the plaintiffs for damage

[Pennsylvania Railroad Co. *v.* Miller.]

resulting to their goods from fire, unless such fire was caused by the negligence of the defendant company, and the *onus* of proving such negligence was on the plaintiffs: Farnham *v.* Camden & Amboy Railroad Co., 5 P. F. Smith 53. The court, as we conceive, committed error in two particulars. First, it regarded the presumption which arises from defendants' conduct in the first instance as independent proof in the case to be weighed with the other proof. Second, it submitted to the jury to find negligence when there was no evidence sufficient to authorize any inference of it.

The presumption said to have arisen in this case afforded a prima facie inference merely, conclusive only in the absence of opposing evidence. Its office was simply to shift the *onus probandi.* It had no value as evidence upon the subject about which it was a presumption, in the presence of positive and direct testimony on that same subject: Walsh *v.* Washington Insurance Co., 32 N. Y. 427 ; 2 Whart. on Ev., sect. 1245. If the presumption was not evidence of negligence, then there was none, and there being no evidence that ought reasonably to satisfy a jury that the fact sought to be proved is established, the case should not have been submitted to them: Wheelton *v.* Hardisty, 8 E. & B. 262 ; Toomey *v.* Railroad Co., 3 C. B. N. S. 146 ; Ryder *v.* Wombwell, 4 Law Rep. Ex. 32 ; Howard Express Co. *v.* Wile, 14 P. F. Smith 206 ; Reading Railroad Co. *v.* Yerger, 23 Id. 121.

*M. W. Acheson* and *J. L. Koethen,* for defendants in error.— If goods are lost or injured while in the custody of a carrier under a special contract, and he gives no account of how it occurred, a presumption of negligence is of course: American Express Co. *v.* Sands, 5 P. F. Smith 140. The doctrine of that case is that the mere failure of the carrier to give an account of the loss raises a presumption of negligence. How much more so the refusal to furnish the owner with any information as to how the injury occurred. Mere silence is a presumption of negligence: Logan *v.* Mathers, 6 Barr 459 ; Brown *v.* Schock, 27 P. F. Smith 471 ; Bryant *v.* Stillwell, 12 Harris 317. The question of negligence was properly left to the jury: American Steamship Co., *v.* Bryan, 2 Norris 446 ; Safe Deposit Co. *v.* Pollock, 4 Id. 391.

The judgment of the Supreme Court was entered October 21st 1878,

PER CURIAM.—The fact was clear on the trial that the railroad company not only failed to give the plaintiffs any account of the fire, how, when and where it had occurred, but compelled the husband to go in search of the information himself, causing him trouble and expense. They therefore rested their case upon a *fact* clearly made out, which could be repelled only by satisfactory evidence on part of the company. But the giving of evidence by the defend-

[Pennsylvania Railroad Co. v. Miller.]

ant, did not *ipso facto* repel the presumption of negligence. It was a question for the jury whether the evidence satisfactorily accounted for the fire, and also for the conduct of the defendants towards the plaintiffs, for the latter bore on the credibility of the evidence of the former. The jury found against the defendants on the facts.

Finding no error, the judgment is affirmed.