Elizabeth McCafferty, Administrator of C. F. McCafferty, Deceased, v. The Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Passenger—Presumption—Evidence.*

Where a passenger on a railroad is injured by a defect in the track, there is prima facie a presumption of negligence on the part of the railroad company which carries the case to the jury, notwithstanding that the evidence to rebut the presumption may be very strong.

*Negligence—Railroad—Passenger—Proximate cause—Disease—Province of court and jury.*

Where a passenger injured on a railroad dies more than a year after the accident, and it appears that he had an attack of grippe a month before he died, but the evidence shows that he had never recovered from the effects of his injuries; that they were apparently internal, and indicated a serious derangement of the liver before he had grippe, the question of the proximate cause of the death is for the jury under careful instructions.

*Negligence—Death—Damage—Acts of April 15, 1851, and April 26, 1855.*

Where a person injured by the negligence of another has brought an action and died, the action may be continued by his executor or administrator for the benefit of his estate, under section 18 of the Act of April 15, 1851, but no new action can be brought by persons entitled to sue under section 19 of the act. If the action is continued the measure of damages is the loss which the deceased sustained by reason of his injuries. No damages can be recovered for the loss which other persons sustained by reason of his death.

Where a person assigns to another an action for personal injuries caused by defendant's negligence and subsequently dies, the personal representative of the injured person is entitled to continue the action, and the defendant cannot set up the assignment as a defense.

Argued Oct. 17, 1899. Appeal, No. 125, Oct. T., 1899, by defendant, from judgment of C. P. Butler Co., Sept. T., 1896, No. 42, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before GREER, P. J.

Charles McCafferty, the deceased, on April 1, 1896, was a lawful passenger on the defendant's cars. He took the train at Sarver station for Allegheny city, and after proceeding a few miles, a rail was broken, the car in which he was riding and another derailed, turned over, and he was thereby injured. He

was treated at once by a physician, taken to Allegheny city,
and in the evening returned to Sarver station, where he remained
for about two weeks under the care of physicians, when he had
recovered sufficiently to be taken to his home.    During the sum-
mer he worked some, visited from place to place, did not feel nor
look well, but the services of a physician were not deemed neces-
sary nor called for.    No special change took place until February,
1897.    He visited Butler that month as a witness, and while
in Butler he had a very severe attack of grippe which compelled
the attendance of a physician.    Soon after this grave symptoms
were discovered which, upon investigation, disclosed abscess of
the liver, from the effects of which abscess he died on April 12,
1897, a year and twelve days after the injury.

After suit brought and before trial the plaintiff made the
following assignment of his claim:

" For value received I do hereby assign, transfer and set over
to my mother, Mrs. Lizzie McCafferty, my whole claim and
right of action against the defendant company in the above
stated case as fully and completely as the same has heretofore
belonged to and vested in me, together with all moneys which
may be recovered against defendant company in said case.

" Witness my hand and seal this 13th day of March, A. D.
1897.

. " Witness:                    .                    C. F. McCAFFERTY."

The death of plaintiff was subsequently suggested of record,
and his administratrix substituted as plaintiff.

Other facts appear by the opinion of the Supreme Court.

Plaintiff's points and the answers thereto among others were
as follows :

3. If the jury find for the plaintiff they should allow as dam-
ages: 1st, the direct expenses of the injury ; 2d, for the priva-
tion and inconvenience he was subjected to and for the pain and
suffering he endured bodily and mentally during his life by rea-
son of the injury; 3d, for the pecuniary loss he sustained dur-
ing his lifetime due to the injury through impairment of earn-
ing power.    To these items of damage the jury should add the
value of his life, if they believe his death was the result of the
injury.    *Answer :* Affirmed.    The value of the life from date
of death. [1]

4. If the jury find for the plaintiff and find that the death of C. F. McCafferty was due to the injury upon the railroad, in estimating the value of his life they may compute the damages by the probable accumulations of a man of the age, habits, health and pursuits of the deceased during what would probably have been his lifetime, if he had not been injured. *Answer :* Affirmed. [2]

5. The jury should give a careful consideration to the testimony of the physicians who have been called as expert witnesses upon behalf of plaintiff and defendant, but it is for the jury to decide what weight, if any, shall be given to the opinions or evidence of the experts, or to the other evidence in the case. They are not bound by the testimony of the physicians called as experts, and may exercise their own experience in deciding the question touching which the opinions were given. *Answer :* Affirmed. [3]

6. If the jury conclude from all the evidence in the case, including the testimony of the physicians, that C. F. McCafferty's death was caused by the accident upon its railroad or that the injury contributed to his death, they need not surrender their views or conclusion because it does not agree with opinions of the physicians or of any of them. *Answer :* If their opinions are based on evidence of greater weight, affirmed. We affirm this and add that in weighing the testimony of physicians you should treat them as you would any other witness in the case. [4]

Defendant's points and the answers thereto among others were as follows :

6. Being unquestioned that the accident was caused by a broken rail, if the rail was not imperfect, that no defects, flaws or imperfections were visible, that the closest and most thorough inspection would not have revealed any defects, or if none existed in fact, the plaintiff cannot recover, although the jury may be unable to find any cause why the particular rail broke at that particular time and place. *Answer :* I am not prepared to say that it is not questioned that the accident was caused by the broken rail, but if the jury so find, the point is affirmed. [5]

10. The plaintiff alleging that his death was caused by the injury, the burden of proving that is on the plaintiff, and he

must prove to the satisfaction of the jury by clear and convincing testimony that it was so produced, and failing to do so the verdict of the jury on this point must be in favor of the defendant.  *Answer:* This must be proved by the weight of the evidence. [6]

11. In order to prove that the death was caused by the injury he received in the wreck, the testimony on part of the plaintiff must not only be clear and satisfactory, but it must also exclude every other reasonable hypothesis as to what did cause his death.  *Answer:* The jury must find its verdict from the weight of the evidence; I cannot say that they must exclude every other reasonable hypothesis. [7]

12. The testimony on part of the plaintiff relating to the cause of his death is not up to the standard required by the law.  It is too dubious, not sufficiently direct and positive, and does not exclude other hypotheses.  It is therefore withdrawn from the jury, and the jury is directed not to consider the death of the plaintiff as an element of damage in this case.  *Answer:* Refused. [8]

13. The plaintiff cannot recover damages for the death of the plaintiff, the testimony on that point not being sufficient.  *Answer:* Refused. [9]

14. The assignment of C. F. McCafferty to Mrs. Lizzie McCafferty in the following words, to wit: "For value received I hereby assign, transfer and set over to my mother, Mrs. Lizzie McCafferty, my whole claim and right of action against the defendant company in the above stated case, as fully and completely as the same has heretofore belonged to and vested in me, together with all moneys which may be recovered against the defendant company in said case.  Witness my hand and seal the 13th day of March, A. D. 1897, C. F. McCafferty," is a bar to the plaintiff's right of action in its present form, and the plaintiff cannot maintain this action.  The jury is therefore directed peremptorily to return a verdict in favor of the defendant.  *Answer:* Refused. [10]

15. The measure of damages includes compensation for injury, suffering during his life, his diminished ability to earn money and what he would have earned had the injury not occurred.  *Answer:* This is affirmed if the jury find that the decedent's death was not the result of the accident, but if the

result of the accident, then the jury will add the value of the life. [11]

Verdict and judgment for plaintiff for $4,248.55.    Defendant appealed.

*Errors assigned* among others were (1–11) above instructions, quoting them.

*John M. Thompson*, with him *W. C. Thompson*, for appellant.— In the absence of negligence the defendant is not liable : Pittsburg, Fort Wayne & Chicago Ry. Co. v. Hinds, 53 Pa. 515.

Carriers of passengers are not insurers of their lives or safety: Meier v. Penna. R. Co., 64 Pa. 225 ; Palmer v. Penna. R. Co., 2 L. R. A. 252 ; Cleveland v. New Jersey Steamboat Co., 68 N. Y. 306 ; Wharton on Negligence, sec. 557 ; Hood v. Hood, 2 Grant, 229 ; Bedford v. Rainbolt, 21 Am. & Eng. R. R. Cases, 466 ; Higgins v. Cherokee R. R. Co., 27 Am. & Eng. R. R. Cases, 218 ; Northern Pa. R. R. Co. v. Kirk, 90 Pa. 15 ; Fredericks v. Northern Cent. R. R. Co., 157 Pa. 121 ; Holbrook v. Utica & Schenectady R. R. Co., 2 Kernan, 236 ; Ingalls v. Bills, 9 Metcalf, 1 ; Bowen v. New York Central R. R. Co., 18 N. Y. 408 ; Loftus v. Union Ferry Co. of Brooklyn, 84 N. Y. 455.

An assignment of a claim sounding in tort before verdict is justified, passes the title and right of the proceeds to the assignee, and he can enforce his rights by appropriate action : Levy v. Levy, 78 Pa. 508 ; Pryor v. Wood, 31 Pa. 146 ; Crocker v Whitney, 10 Mass. 316 ; Brackett v. Blake, 7 Metcalf, 335 ; Field v. The City of New York, 6 N. Y. 179; Lett v. Morris, 4 Simons, 607 ; East Lewisburg L. & M. Co. v. Marsh, 91 Pa. 99 ; Ruple v. Bindley, 91 Pa. 296 ; Pearson v. Hartman, 100 Pa. 87.

*T. C. Campbell*, with him *James M. Galbreath* and *James B. McJunkin*, for appellee.—It is held that, in an action against a railroad company for negligence, where the negligence is presumed it is not ipso facto repelled by the giving of evidence by the defendant.    It is a question for the jury whether the evidence satisfactorily accounts for the injury: Coal Co. v. Evans, 176 Pa. 28 ; Penna. R. Co. v. Miller, 87 Pa. 395.

The court was justified in submitting to the jury the ques-

tion whether C. F. McCafferty's death was due to the injury : Maher v. Phila. Traction Co., 181 Pa. 391; Behling v. South West Penna. Pipe Lines, 160 Pa. 359; Haverly v. R. R. Co., 135 Pa. 50; Dickson v. Hollister, 123 Pa. 421; Davies v. McKnight, 146 Pa. 610; Baker v. Penna. Co., 142 Pa. 503; Beauchamp v. Saginaw Mining Co., 50 Mich. 163; Hoag v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293; Bunting v. Hogsett, 139 Pa. 363; Drake v. Kiely, 93 Pa. 498; Ehrgott v. The Mayor, 96 N. Y. 264; Davis v. Garrett, 6 Bing. 716; West Mahanoy v. Watson, 112 Pa. 574; Fisher v. Ry. Co., 131 Pa. 292; Fairbanks v. Kerr, 70 Pa. 86; Wilson v. Penna. R. R. Co., 177 Pa. 512.

OPINION BY MR. JUSTICE FELL, October 30, 1899:

On the question of the defendant's negligence the case was clearly for the jury. The accident was caused by a broken rail. This rail had been in use for sixteen years as the outside rail on a sharp curve, and had been worn by the flanges of the car wheels so that its weight had been reduced from sixty to fifty-five pounds per yard. It had been broken some months before the accident, and had been repaired by the use of splices or side bars, and admittedly it was greatly weakened by both the wear and the fracture. In the face of this testimony it is idle to say that the case could have been withdrawn. Moreover, as the injury was to a passenger riding in the defendant's car, and was caused by a defect in the roadway, there was prima facie a presumption of negligence which carried the case to the jury. This presumption having once arisen remained until overcome by countervailing proof. Whether it was so overcome was a question of fact for the jury. It had the same effect in shifting the burden of proof that affirmative evidence of negligence would have had: Penna. R. Co. v. Miller, 87 Pa. 395; Penna. R. Co. v. Weiss, 87 Pa. 447; Spear v. The P. W. & B. R. R. Co., 119 Pa. 61. In R. R. Co. v. Weiss, supra, it was said: " The presumption of fact in law which carries a case to the jury necessarily leaves them in possession of the case, and although the evidence to rebut the presumption may be very strong, yet it is a matter for the jury and not for the court."

The connection between the accident and the death was not

clearly established. The deceased was injured by the derailment of the car in which he was riding on April 1, 1896. He lived until April 12, 1897, and the immediate cause of his death was an abscess on the liver. A month before he died he had a severe attack of grippe. It was incumbent on the plaintiff to show with reasonable certainty that the abscess was caused by the injury received. This it was difficult to do, as the disease is one whose origin is difficult to trace. The medical testimony produced by the plaintiff was in itself far from convincing ; but it was fortified by proof that her son had never recovered from the effects of his injuries, and that they were apparently internal and indicated a serious derangement of the liver before he had the grippe. We are not prepared to say that the court should have instructed the jury that the testimony did not warrant the conclusion that the death was the natural and proximate consequence of the accident. The question, however, is one which should be submitted with most careful instructions.

The instruction as to the measure of damages was erroneous in that it permitted a recovery for two distinct causes of action. The action was commenced by the deceased six months before his death, and after his death it was carried on by his mother, who as administratrix of his estate had been substituted as plaintiff. This was done under section 18 of the act of April 15, 1851, which gives to a common-law action the quality of survivorship. The 19th section of the same act creates a new right of action, unknown to the common law, and limited to cases where death has resulted from violence or negligence, and no suit has been brought by the injured party in his lifetime. The act of April 26, 1855, designates the persons who may exercise the right conferred by section 19 of the act of 1851 : Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419 ; Birch v. Ry. Co., 165 Pa. 339. Under these acts two actions cannot be sustained for the same injury. If the party injured has brought an action and died it may be continued by his executor or administrator for the benefit of his estate, but in such a case no new action can be brought under section 19. If he has not brought an action, the parties designated by the act of 1855 may do so, and the recovery is in their right : Taylor's Estate, 179 Pa. 254 ; Maher v. Phila. Traction Co., 181 Pa. 391.

If the action is continued for the benefit of the estate, the measure of damages is the loss sustained by the injured party. In the opinion in Maher v. Traction Co., supra, it was said by the present chief justice: "As the action had been brought in the lifetime of the injured party and had survived by virtue of section 18 of the act of 1851, it logically follows that the damages recovered by her personal representatives should be the same as she could have recovered had death not ensued. Included therein are damages for her pain and suffering up to the time of her death, and diminution of earning power during a period of life which she would have probably lived had the accident not happened. It is a mistake to suppose that the recovery in this case is for the death. It is still for the personal injury." In some cases it has been said that the measure of damages includes the value of the life. But by this was not meant the value of the life to others, but the value of the advantages of which the injured party was deprived because of the diminution or loss of earning power. When an action is brought after death by the "husband, widow, children or parents of the deceased," as provided by the act of 1855, the right of recovery is in the party entitled to sue, and the measure of damages is the pecuniary loss sustained by reason of the death: Penna. R. Co. v. Butler, 57 Pa. 335.

The instruction given in this case permitted the jury to cumulate the damages, and to render a verdict both for the loss which the deceased sustained by reason of his injuries and for the loss which his parents sustained by reason of his death. This was clearly wrong.

The contention that the assignment of the action by the deceased is a bar to its further prosecution is without merit. The administratrix was the person empowered by the act of 1851 to continue the action, whoever may be entitled to the amount received. If any question should arise between the assignee of the action and the creditors of the estate it can be adjusted hereafter in the proper proceeding. This is not a matter which concerns the defendant.

The assignments of error which relate to the measure of damages are sustained and the judgment is reversed with a venire facias de novo.