## Strain, Admin'r, v. Raymond Kern, trading as Penn Poster Co.

*Actions for death to be brought by dependents and not by personal representatives—Act of April 26, 1855—Fiduciaries Act of June 7, 1917.*

1. Actions for death by wrongful act must be brought by the husband, wife, child or parent of the deceased under the Act of April 26, 1855, P. L. 309, and not by the executor or administrator.

2. Such actions are maintained by the dependents in their own right; as the deceased had no right of action for his own death, there was nothing to survive to his executor or administrator under section 35 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, 504, which provides that executors and administrators shall have power "to commence and prosecute . . . all personal actions" which the deceased "might have commenced and prosecuted, except actions for slander and libel."

Affidavit of defence of law.  C. P. No. 4, Phila. Co., June T., 1922, No. 6949.

*James M. Dohan* and *James P. Fogarty,* for plaintiff.

*O. C. Reithmiller,* for defendant.

FINLETTER, J., Jan. 8, 1923.—The plaintiff's decedent died as a result of injuries alleged to have resulted from the defendant's negligence. The plaintiff sues as administrator of the estate of the injured man, and not as a member of the classes of persons upon whom a right of action is conferred by the Act of 1855.

No action was brought by the injured man in his lifetime. Counsel, however, argues that a right of action survives or is created to the administrator by virtue of section 35 *(b)* of the Fiduciaries Act of June 7, 1917, P. L. 447, 504. This provides that "Executors and administrators shall have power to commence and prosecute . . . all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and libel."

The survival of actions is within the general scope of the act, and ample notice is given in its title of the subject treated in section 35, in the reference in the title to "abatement and survival of actions." The statute, therefore, does not purport to deal with the creation of any new rights of action, but only with the survival and abatement of rights of action, and with actions already existing.

What we are concerned with, then, is the survival of any action "which the decedent whom they represent might have commenced."

The difficulty with the plaintiff's argument is that neither he nor his deceased principal ever had a right of action upon which the survival provided for by the Fiduciaries Act could operate. This will be plain when it is remembered that at common law personal actions died with the parties, and that the rule still stands except as it has been changed by Constitution and statutes.

The statutes in point are the Act of 1851, §§ 18 and 19, and 1855, which supplied section 19 of the Act of 1851. The two acts deal with the two situations which arise where a mortal injury is inflicted by unlawful violence, or by negligence; that is, first, where the injured man survives long enough to enable him to bring, and he in fact does bring, an action; and the other where no action is brought until after the death. In the first case, the Act of 1851, § 18, operates to cause the action to survive in the name of the personal representative. In the second, an entirely new right of action is given to certain dependents of the deceased by the Act of 1855. These comprehend all the statutes on the subject. Otherwise, the common law rule still stands.

The Fiduciaries Act deals only with the survival of such actions as the injured man could have brought. And clearly this could not include an action based upon his death.

It is true that, in the case of a mortal injury resulting from negligence, the injured man has a right of action, continued, as we have said, by the Acts of 1851 and 1917 to his personal representatives.

But such actions are not based upon the death of the injured party. They could not be, for his death had not occurred when the action was brought.

The basis of such actions is the injury and the consequent loss, not to his dependents, but to himself. And they are continued by his administrator on the same theory, as is evident from the measure by which damages are assessed. This is "the same as he could have recovered had death not ensued, and includes damages for pain and suffering up to the time of his death, and diminution of earning power during a period of life which decedent would probably have lived had the accident not happened, but not the value of the deceased person's life to others:" 13 Pepper & Lewis, col. 22811; Maher v. Philadelphia Traction Co., 181 Pa. 391; McCafferty v. Pennsylvania R. R. Co., 193 Pa. 339; Edwards v. Gimbel, 202 Pa. 30.

On the other hand, cases like the present one, where death has resulted from negligence or unlawful violence, and no action by the injured person has been or can be brought, were at common law without remedy, and are now provided for, in obedience to the provisions of the Constitution, art. III, § 21, by act of the legislature. The acts on the subject are the 19th section of the Act of April 15, 1851, P. L. 669, supplied and superseded, as to cases arising after the passage of the Act of April 26, 1855, P. L. 309, by that act.

The rights of action given by these statutes are not survivals of the rights of the decedent, but new actions given by the legislature to new classes of persons: Pennsylvania R. R. Co. v. Zebe, 33 Pa. 318; Birch v. Railway Co., 165 Pa. 339; McCafferty v. Pennsylvania R. R. Co., 193 Pa. 339.

The acts in question do not give an action to the injured person, but to others, his dependents; the Act of 1851, to his widow, if he left one, or, if not, to his personal representatives; while the Act of 1855 substituted the husband, wife, child or parent of the deceased. But these classes took, not from the decedent, but in their own right. There is, therefore, no question of survival of action.

The question arose in Mann v. Weiand, 81* Pa. 243, 4 W. N. C. 6, and in Bourke v. Railroad Co., 1 Lacka. L. R. 108, where the competency of the defendant as a witness (under the Act of April 15, 1869, P. L. 30) depended upon the question whether or not the deceased was a party to the action brought by the widow. If he was, the defendant could not testify. If the widow did not take through him, the defendant was not disqualified. It was held that the widow sued entirely on her own rights. The court said: "This action was not brought by the husband, nor is it for the recovery of damages for injuries he sustained. It is for a cause of action the husband never had. It arose on and after his death, and accrued to his widow. . . . The death of the husband and the negligence of the defendant united gave the cause of action to the widow. It originated between living parties."

It was for this reason, no doubt, that the commission which drafted the Fiduciaries Act, when they collated and considered all the statutes relating to the survival of actions, and codified the law on that subject, omitted all reference to the Act of 1855. The other statutes (Acts of Feb. 24, 1834, § 28, P. L. 78, April 15, 1851, §§ 18 and 19, P. L. 669, April 12, 1869, P. L. 27, June 24, 1895, P. L. 236) were all considered by the commissions (see pages

194 and 195 of its report), and the major part of their provisions having been, by the commission, embodied in the Fiduciaries Act, the commission provided, in later sections of the act, for the repeal of these statutes, and left the Act of 1855 unrepealed, and properly so, because it was not within the scope of the subject which they were considering, nor within the subjects of the act as they were described in the title.

The plaintiff's statement does not, therefore, in our opinion, set forth a valid cause of action at the suit of the plaintiff, and since he cannot, and does not, wish to amend, we will enter judgment for the defendant.