John Maher, Administrator of the Estate of Agnes Maher, deceased, *v.* Philadelphia Traction Co., Appellant.

*Negligence—Death—Survival of action—Article* III., *section* 12 *of the constitution—Act of April* 15, 1851—*Damages.*

Section 18 of the Act of April 15, 1851, P. L. 674, which was enacted to enforce article III., section 12 of the constitution, and which provides for the survival of actions in negligence cases where the plaintiff dies, has not been either expressly or by implication repealed or modified by subsequent legislation: Birch v. Railway Co., 165 Pa. 339; Taylor's Estate, 179 Pa. 254, followed.

In a negligence case where the plaintiff has died and the action has survived to his personal representatives by virtue of section 18 of the Act of April 15, 1851, P. L. 674, recovery may be had, not only for the mental and physical suffering up to the time of plaintiff's death and diminution of earning power during a period of life which he would have probably lived had the accident not happened, but also for the value of the life.

*Negligence—Infant—Street railways—Question for jury.*

In an action against a street railway to recover damages for the death of a girl six years old, the case is for the jury where the evidence for the

plaintiff, although contradicted, tends to show that the car which struck the child was run at an unusually high rate of speed; that no signal was given as the car approached the crossing where the child was struck, and that the car did not stop on either side of the cross street.

Argued Jan. 8, 1897.    Appeal, No. 335, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1894, No. 860, on verdict for plaintiff.    Before STERRETT, C. J. GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.    Before BIDDLE, P. J.

At the trial it appeared that on March 30, 1894, Agnes Maher, a child six years old, was struck by a car of the defendants, at Thirteenth and Reed streets, in the city of Philadelphia.    She died on October 30, 1894.    The evidence for the plaintiff tended to show that there had been a block of cars on Thirteenth street; that two cars had passed at a high rate of speed; that the third car which was the one which struck the girl was run at a high rate of speed, without stopping at either side of Reed street, and without making any signal.    As the car passed Reed street a passenger signaled the car to stop, and the motorman looked at him and laughed, without obeying the signal.    The child was struck at the time when the motorman's attention was temporarily diverted to the passenger.    The court charged in part as follows :

In this case it is contended that this child was crossing a street and that, while so crossing, this car of the company came on it at an unusual rate of speed, did not hold up as was the custom to hold up, did not slow up even sufficiently to allow a passenger who was waiting to get on, but went on, without ringing a bell, and without notice, and ran down and injured this child in such a way that she subsequently died from the injury. Now the highways of the city do not exclusively belong to the traction company.    They are the highways of the state, and all people have equal rights to their use, and everybody must use them in such a way as to have regard to the rights of their neighbors—using them prudently and carefully.    Especially is it the duty of these cars to stop or to slow up at the places where it is naturally expected that people would be crossing the streets, and especially in places where they are in the habit

of stopping, where it is known that they do slow or stop—where people have a right to expect that they will stop, and where they act in accordance with that idea.   The allegation is that none of these precautions were observed which ought to have been observed and for which, if they were not observed, the defendant is liable.   I leave out of the account one, two or three persons who have given testimony about the accident, but will call your attention to Mr. Armstrong who has been referred to as a gentleman of intelligence, and who gave an accurate account of what occurred.   You had their testimony before you.   I think counsel for the defendant was mistaken in saying that Mr. Armstrong did not see the accident.   My recollection is distinct that he said he saw the accident, and he repeated, on cross-examination, that he had seen the accident.   So I do not think it can be said under the evidence that nobody saw the accident which happened.   I speak of him, without reference to the others whose testimony you will also recollect upon the same point.   Now, in answer to this allegation the motorman and the conductor have been called before you, and they contend that they did all that the law required them to do; that they did sound the bell; that they were not going at an unusual rate of speed, and that this child suddenly sprang up in such a way as to make it impossible for them to prevent the accident, although they had taken every precaution that the law required. Of course if you are satisfied of those facts—as it has been asked of me to say to you that this was an unavoidable accident, and that no care on their part could have prevented it—then they are not responsible.   But if you should consider that this is a case where there is responsibility on the part of the company, then the next question for you to consider is what compensation you think the plaintiff is entitled to receive.   [Unfortunately the young lady is not here to receive whatever sum you should think her due, but she is represented by her personal representatives.   They of course can do nothing for her.   The trouble in all these cases is that most of them tend very much to excite one's feelings particularly in a case where an accident like this happens to a young and attractive girl.   Our sympathies are so excited that when we have listened to eloquent counsel we can hardly come down to consider the matter as we are bound to consider it, as a matter of business; and the law very wisely

requires us to be slow about giving a verdict, according to the evidence, not allowing our minds to be inflamed when we consider such a question, but only to consider it as a business question.   Undoubtedly if this young lady were here in person she would be entitled to compensation for the injury she had received and for the pain and suffering she had undergone and for whatever disability she had sustained for her future life, which the accident caused, and for whatever diminution of earning power there was due to the accident.   If you—in regard to this question about earning power, were to die, or any other citizens, the question would be how much ought to be paid to the family or to the circle dependent upon you for support. This young lady was six years of age.   You will have to determine her earning power—how much it was.   You will have to consider that question without prejudice or feeling one way or the other, and whatever sum you think would be a proper and reasonable compensation you have a right to give her.] [3]

Defendant's point and answer thereto were as follows:

3. Under all of the evidence the verdict should be for the defendant.   *Answer.*  Refused.

Verdict and judgment for plaintiff for $8,000.   Defendant appealed.

*Errors assigned* were (1) refusal of point as above ; (2) refusal of point as above in connection with the fact that the cause of action was for the death of Agnes Maher and the suit was prosecuted by her administrator; (3) portion of charge, quoted above.

*J. Howard Gendell,* for appellant.—The evidence was insufficient to submit to the jury : Funk v. Traction Co., 175 Pa. 559 ; Thomas v. Citizens Pass. Ry., 132 Pa. 504; Johnson v. Reading City Pass. Ry., 160 Pa. 647.

Attention has been called to the fact that this suit was brought on behalf of the little girl in her lifetime without awaiting the result of her injuries.   After her death an administrator was raised, and the cause was prosecuted by the administrator who was the plaintiff at the time the trial took place.   In Birch v. The Railway, 165 Pa. 339, this court sustained this practice.   It is respectfully requested to reconsider that decision.   When a person whose

death results from violence brings an action in his own lifetime, according to the opinion of this court in the three cases of Books v. Borough of Danville, 95 Pa. 158, Mann v. Wieand, 4 W. N. C. 6, and Fink v. Garman, 40 Pa. 95, the cause of action is not complete until his death. Ought this fact to change the law respecting actions of this character? If, as has been said, the cause of action is incomplete until the death, and if, "no man could sue for his own death," it would seem to follow that a suit brought before the death, is brought altogether prematurely.

*A. S. L. Shields,* for appellee.—The evidence for the plaintiff was overwhelming, and so contradicted by the defendant's witnesses as to compel its submission to the jury.

In asking this court to overrule Birch v. The Railway (1895), 165 Pa. 339, and to declare that the portion of the charge relating to the measure of damages " was misleading and inadequate," the defense merely suggests certain apparent inconsistencies in the statutory right of action for damages for death which have troubled the profession ever since the right of action was first given. It is submitted, however, that in the light of the weight of authority, and especially in view of the terms of the Pennsylvania statutes and the decisions thereon, there is no real inconsistency and no valid reason for changing the existing law: Act of April 15, 1851, P. L. 674; Act of April 26, 1855, P. L. 309; Hill v. Penna. R. Co., 178 Pa. 223; Penna. R. Co. v. McCloskey, 23 Pa. 526; Penna. R. Co. v. Zebe, 33 Pa. 318; Penna. R. Co. v. Butler, 57 Pa. 335; Moe v. Smiley, 125 Pa. 136; Muldowney v. Illinois Cent. Ry., 36 Iowa, 462.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 27, 1897:

This action of trespass in the name of Agnes Maher by her father and next friend was brought to March term, 1894, to recover damages for injuries to the plaintiff's person, alleged to have been caused by the negligence of defendant company. The injuries having resulted in plaintiff's death on October 30, 1894, after the cause was at issue, her personal representative was afterwards duly substituted as plaintiff under the act of April 15, 1851, and article III. section 12, of the constitution, as construed by this court in Birch v. Railway Co., 165 Pa. 339. The latter declares that, in case of death from such personal injuries, " the

right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted; " and the 18th section of the former provides that no action thereafter brought " to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff; but the personal representative of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction." In Birch v. Railway, supra, we held that this provision of the act of 1851 has not been either expressly or by implication repealed or modified by subsequent legislation; and we have no reason now to doubt the soundness of that conclusion. Following in the line of that case we have since held that the amount recovered in such cases is personal estate of the deceased, and, as such, is distributable first to the payment of debts, etc., if any : Taylor's Estate, Birch's Appeal, 179 Pa. 254.

On the trial, the testimony as to defendant company's negligence was more or less conflicting. Without specially referring to or attempting to summarize the testimony on either side, it is quite sufficient to say that if the evidence relied on by the plaintiff was believed by the jury, they were clearly warranted in finding against the defendant. On the other hand, if they believed the evidence of defendant's witnesses, of which its first and second points for charge are predicated, they would have been justified in finding for defendant. In brief, the case depended on controverted questions of fact which the jury alone could legally determine. It was accordingly submitted to them by the learned president of the common pleas in a clear and adequate charge which appears to be free from substantial error.

It does not appear that any points for charge were submitted by the plaintiff, but, on behalf of the defendant, the learned court was requested to charge :

" 1. If the jury believe from the evidence that the child unexpectedly and without warning ran from the pavement in front of the moving car, and the motorman did not see it in time to avert the accident, there can be no recovery, and the verdict should be for the defendant.

" 2. The mere fact of the injury and death of the child raises no presumption of negligence against the defendant company, and if the jury believe from the evidence that the motorman

was attending to his business, and did not see the child in time to avert the accident, the verdict should be for the defendant.

"3. Under all the evidence the verdict should be for the defendant."

The first and second of these requests for instruction were withdrawn by defendant's counsel. The third was refused, and his exception thereto constitutes the subject of complaint in the first and second specifications.

A careful examination of the testimony has convinced us that the first specification cannot be sustained. In view of the evidence tending to establish the fact of defendant company's negligence, it would have been manifest error in the court to have withdrawn the case from the jury by directing a verdict for defendant, as requested in its third point.

Again, the point just referred to was never intended to raise the question that is now ingeniously claimed to be involved in the second specification of error; but, assuming for argument sake that it was so intended, there is no merit in the defendant's contention. As we have already seen, upon the death of the plaintiff and suggestion thereof to the court her administrator was rightly substituted as plaintiff; and as such, he had an undoubted right to prosecute the suit commenced by her "to final judgment and satisfaction." It is our purpose to adhere to our recent ruling in Birch v. Railway Co., supra.

The third and last specification alleges error in part of the learned judge's charge on the subject of damages. It does not appear that any exception was taken to the charge, but the appellee has not interposed any objection on that ground. We therefore treat the specification as valid, and proceed to consider its effect.

Inasmuch as no instruction was asked on the subject of damages, the question is not whether fuller instructions might not have aided the jury in arriving at a correct conclusion, but whether those given were inadequate to furnish a proper measure or standard, or were positively misleading. We are not prepared to say that they were either.

As the action had been brought in the lifetime of the injured party and had survived by virtue of section 18 of the act of 1851, it logically follows that the damages recoverable by her personal representative should be the same as she could have

recovered had death not ensued.   Included therein are damages for pain and suffering up to the time of her death, and diminution of earning power during a period of life which she would have probably lived had the accident not happened.   It is a mistake to suppose that the recovery in this case is for the death. It is still for the personal injury.   In Moe v. Smiley, 125 Pa. 141, Mr. Chief Justice PAXSON, speaking of the act of 1851, says : "It is idle to say that when a man is killed by unlawful violence it is not an injury to his person."   One element of the injury in such case is the total impairment of the earning power, placed beyond the possibility of doubt by the death, and hence a simpler problem for the jury, but the measure of damages therefor is the same as if the party had survived.   The language of the court below on this point was used by way of illustration, and indicates the measure of damages with sufficient accuracy.

In Pennsylvania Railroad Co. v. Zebe, 33 Pa. 318, Mr. Justice THOMPSON, at page 329, referring to the case of Railroad v. McCloskey, 23 Pa. 526, says : " While it adheres to the rule of giving damages only upon such bases as are susceptible of a pecuniary estimate, it seems to regard the value of the life lost as the basis of the estimate rather than the injury resulting from it to the survivor entitled to sue.   This conclusion flowed from the form of, and parties to, the action, and naturally led to the result.   It was a suit by the personal representatives for the benefit of the estate.   Treated in this light, and as the plaintiffs—the administrators—were not damaged by the death, but were recovering for the estate, the only estimate, it seems to me, that could be made was of the value of the life.   The wrong done to it survived, by virtue of the statute, to the estate, and gave the personal representatives their right of recovery coextensively with its value."

In an action that has survived to and is prosecuted by the personal representative, under the statute, there can doubtless be a recovery, not only for mental and physical suffering of the injured decedent, but also for the value of his life.   This necessarily follows from the fact that the action brought by him survived to and is prosecuted by his personal representative. It was so decided in Muldowney v. Railway Co., 36 Iowa, 462 ; and the reason why it was held otherwise by the English courts is (as stated in the early case of Blake, Administratrix, v. Mid-

land Railway Co., 10 Eng. L. & Eq. 437) because the English act " does not transfer this right of action to his representative, but gives to his representative a totally new right of action on different principles." With us, however, the right to recover a solatium necessarily follows from the fact that the action, as brought by the injured party, is continued by the statute.

We find nothing in the record that would justify us in sustaining either of the specifications. They are therefore overruled and the judgment is affirmed.