ELLEN J. TRUMAN and MARY ROBERTS, Executrices of PHILIP LYNCH, deceased, *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Street Railway—Duty of Railway Company and duty of Traveler on Public Highway—Negligence—Contributory Negligence— Due Care—Proximate Cause—Position of Danger— Conflict of Testimony—Preponderance of Evidence—Measure of Damages.*

1. The respective rights of a street railway company and the public upon the streets of a city, defined.

2. As a general rule, the person in the management of the car and the pedestrian are both bound to the reasonable use of their sight and hearing for the prevention of accidents, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

3. Duty of a person approaching railway crossing defined.

4. If the deceased moved from a position of safety to a position of danger near or upon the tracks of the defendant on which the car was running, so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant cannot be held liable for the resulting injury to the plaintiff's intestate; so if the motorman, after he saw, or by the exercise of reasonable care could have seen the plaintiffs' intestate in a position of danger, did everything that a reasonably careful man could and would do under like circumstances to prevent the accident, the plaintiffs cannot recover.

5. The burden of proving negligence on the part of the defendant company is upon the plaintiffs, and there is no presumption of negligence on the part of the defendant from the single fact that the plaintiffs' intestate was injured by being struck by a car owned or operated by the defendant company.

6. Proximate cause and contributory negligence defined.

7. The burden of proving negligence on the part of the plaintiffs' intestate rests upon the defendant, and no presumption of negligence on the part of the deceased is to be drawn from the mere fact that he was injured by a car of the defendant company.

8. As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character.

9. Measure of damages stated.

(*February* 7, 1908.)

LYNCH'S EXECUTRICES vs. WIL. CITY RY.    193

CHARGE.

JUDGES SPRUANCE and BOYCE sitting.

*Edwin R. Cochran*, *Jr.*, and *Sylvester D. Townssnd*, *Jr.,* for plaintiffs.

*Walter H. Hayes* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, January Term, 1908.

ACTION ON THE CASE to recover damages for personal injuries to Philip Lynch, alleged to have been sustained by reason of the negligence of the defendant on one of the public streets of Wilmington.

Action was brought by Philip Lynch in his lifetime., and continued by his executrices after his death.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Philip Lynch in his life-time to recover damages for personal injuries sustained by him by reason of the alleged negligence of the defendant company on April 30th, 1906, at or near the junction of Chandler Street and Maryland Avenue in this city. By the death of Philip Lynch on the 29th of July, 1906, the action did not abate, but his executors having been made parties plaintiff, the action is now prosecuted by them.

The declaration filed by the plaintiffs contains four counts, the last two of which have been abandoned, and the plaintiffs rely only upon the first count which alleges excessive speed of the car, and the second which alleges failure to properly warn the said Lynch of the approach and movement of the car. These two are the only grounds of negligence on the part of the defendant relied upon by the plaintiffs.

It is conceded that the said Philip Lynch on the said thirtieth day of April, 1908, was struck by an electric car of the defendant company and seriously injured. The defendant denies that the

said injuries were occasioned by the negligence of the company or its servants in charge of the car, but insists that said injuries were occasioned solely by the negligence of Lynch.

At the time of the accident the defendant company owned and operated a line of electric railway along Maryland Avenue in this City at the point where said accident occurred, and was duly authorized so to do. The public had the right to use said avenue for all proper purposes of travel on foot or in vehicles. The right of the company and the right of the public are required by law to be exercised with due regard to the right of the other; and the right of each must be exercised in a reasonable and careful manner so as not unnecessarily to abridge or interfere with the right of the other.

It was the duty of the company to use reasonable care in operating its cars, to move them at a reasonable rate of speed, and if possible, to slow up or stop where danger is imminent, and to give reasonable notice of the approach of its cars by bell or otherwise, where a pedestrian is, or could by the exercise of reasonable diligence, be seen in a position of danger. The degree of care required must depend upon the circumstances of each case. As a general rule, the person in the management of the car and the pedestrian are both bound to the reasonable use of their sight and hearing for the prevention of accident, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

A person approaching a railway crossing with which he is familiar is bound to avail himself of his knowledge of the locality and act accordingly. If, as he attempts to cross the tracks of the company, his line of vision is obstructed, he is bound to look for approaching cars in time to avoid collision; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid the collision, he is guilty of negligence and cannot recover.

If the deceased moved from a position of safety to a position of danger near or upon the tracks of the defendant on which the car was running, so suddenly as to make it impossible for the

LYNCH'S EXECUTRICES vs. WIL. CITY RY.   195

CHARGE.

motorman to stop the car before the collision, the defendant cannot be held liable for the resulting injury to the plaintiffs' intestate; so if the motorman, after he saw, or by the exercise of reasonable care could have seen the plaintiffs' intestate in a position of danger, did everything that a reasonably careful and prudent man would do under like circumstances to prevent the accident, the plaintiffs cannot recover.

The gist of this action is negligence.   If the injuries to Lynch were not the result of the negligence of the defendant company or its servant or servants, the plaintiffs cannot recover.   The burden of proving such negligence is upon the plaintiff, and there is no presumption of negligence on the part of the defendant from the single fact that Lynch was injured by being struck by a car owned or operated by the defendant company.

Even though the defendant company may have been negligent in operating its car, yet if the negligence of Lynch contributed to and was the proximate cause of his injruies, your verdict should be for the defendant, as Lynch would be guilty of contributory negligence, and the law will not attempt in such case to measure the proportion of blame or negligence to be attributed to each party.

If the injuries complained of were occasioned by the negligence of the defendant company or any of its servants or agents, without the fault or negligence of Lynch, your verdict should be for the plaintiffs.

The burden of proving negligence on the part of Lynch rests upon the defendant, and no inference or presumption of negligence on the part of Lynch is to be drawn from the mere fact that he was injured by a car of the defendant company.

As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character.   You, however, are the sole judges of the credibility of the witnesses, and the weight of the testimony which you have heard in this case.

Where the testimony is conflicting, the jury should reconcile it if they can, but if they cannot do so, they should accept that

part of it which they deem worthy of credit, and reject that part of it, which they deem unworthy of credit.

We have been asked to direct you to return a verdict for the defendant. This we decline to do. We submit to you the question whether your verdict should be for the plaintiffs, or defendant, after a full and careful consideration by you of the testimony which has been submitted to you, and the law as laid down to you by the Court. In civil cases, the determination of the jury should be in favor of that party for whom is the preponderance or greater weight of the evidence.

If your verdict should be for the plaintiffs, it should be for such sum of money as would have reasonably compensated Philip Lynch, if living, for his pain and suffering, by reason of the injuries complained of, from the time he received such injuries to the time of his death; for the loss of time resulting therefrom, up to the time of his death; and also for the expenses incurred for medicine, medical attendance and nursing, if any, in endeavoring to be healed or cured of such injuries. You should not in the amount of your verdict include any damages, for the death of the said Lynch, as such damages are not allowed to be recovered in an action of this character.

Verdict for plaintiffs for $1200.