**Shirley E. LODEN, Administratrix of the Estate of Carlton L. Loden, Jr., Deceased, et al., Plaintiff,**

v.

**GETTY OIL COMPANY, a corporation of the State of Delaware, et al., Defendants.**

Superior Court of Delaware,
New Castle.

June 9, 1975.

F. Alton Tybout, Wilmington, for plaintiff.

Alfred M. Isaacs, Wilmington, for defendants.

TAYLOR, Judge.

The issue is whether the plaintiff, who is the administratrix of the deceased injured party may assert a claim for the present value of lost earning power for the period subsequent to the date of death of the injured party. This suit was filed by the injured party during his lifetime and his administratrix was substituted after his subsequent death. For purpose of this opinion, the Court accepts, without deciding, plaintiff's contention that the death was a proximate result of the injury.

Under the common law, a tort claim died with the person. Thus, the claim for damages—of whatever nature— could not be pursued and no claim could be asserted by virtue of the death. Since this common law principle has been modified by statute, this case must turn upon the effect of the statutes. The statutes to be considered here are 10 *Del.C.* § 3701 and 10 *Del.C.* § 3704(a).[1] In the matter of tort claims, the initial modification of the common law with respect to the effect of death was made by Chapter 31, Title 13, Delaware Laws in 1866. This statute appears in substantially the same language as § 3704(a) and (b) of Title 10, Delaware Code. Subsection (a) of § 3704 reads as follows:

"No action brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction."

In *Quinn v. Johnson Forge Co.,* Del. Super., 32 A. 858 (1892), suit was brought by the injured party during his lifetime, he subsequently died from those injuries and his administrator was substituted. Before charging the jury, the Court there stated its opinion on two issues raised by counsel. The first issue was whether testimony concerning the pain suffered by the injured party was admissible. The second issue was whether the jury could consider the death of the injured party as a part of the measure of damages for which the administrator could recover. In deciding the latter issue, the Court concluded that the above-quoted language provided for the survival of the action, and hence, "whether he is living, and prosecutes it, or whether

---

1. § 3701 is referred to as a "survival statute" which permits an administrator to assert the cause of action of the deceased injured party regardless of whether or not suit had been filed by the injured party during his lifetime. *Bennett v. Andree,* Del.Supr., 252 A. 2d 100 (1969).

§ 3704(a) is referred to as a "non-abatement statute" which permits the administrator to be substituted for the deceased injured

party where suit was filed by the injured party during his lifetime. *Coulson v. Shirks Motor Express Corporation,* Del.Super., 9 Terry 561, 107 A.2d 922 (1954).

§ 3704(b) is referred to as a "wrongful death statute" which permits suit by the widow or administrator for damages resulting from the death. Ibid; *Bennett v. Andree,* supra.

it is prosecuted by his administrator, the Court consider [sic], makes no difference whatever." The Court further stated: "The damages in this case, that can be recovered, are confined entirely to the remedies and rights which existed on the part of the plaintiff in this action during his lifetime. We, therefore, must say to you that so far as the death is concerned, as an aggravation of damages, or anything of that kind, that has nothing to do with this case." In the Court's charge which is reported thereafter, the Court instructed the jury that the death could not be taken into consideration in determining damages. I conclude that both the decision before the charge and the charge in *Quinn* involved issues which were in controversy in the trial and they are entitled to decisional weight.

In a similar factual posture, in *Bowen v. Baltimore & Philadelphia Steamboat Co.*, Del.Super., 3 Boyce 428, 84 A. 1022 (1912), this Court instructed the jury that the administratrix "cannot recover for his death", citing *Quinn*. This Court cited with approval in *Sobolewski v. German*, Del.Super., 2 W.W.Harr. 540, 127 A. 49 (1924) the holding of *Quinn* that death is not a factor to be considered in determining damages in a case brought by an injured party after whose death the administrator is substituted.

The holding of *Quinn,* that the administrator is entitled in an action initiated by an injured party before his death to recover the same items of damage which the decedent could have obtained if he had not died, was cited with approval by the Delaware Supreme Court in *Reynolds v. Willis,* Del.Super., 7 Storey 368, 209 A.2d 760 (1965).

■ In *Bennett v. Andree,* supra, the Delaware Supreme Court declared that an administratrix suing on the cause of action of the deceased injured party could recover for pain and suffering, medical expenses,

and loss of earnings from the time of injury to the time of death. Pursuing the concept that death considerations are not pertinent, it held that "it is obvious that the deceased in his lifetime could not have recovered for his own funeral expenses and, therefore, no cause of action for them survived under the statute to his administratrix." Thus, the Delaware Supreme Court has accepted the concept that damages relating to or subsequent to death are not recoverable under the survival statute (§ 3701).[2]

Both *Quinn* and *Bowen* reported jury instructions in which the Court limited the damages for lost wages to the period from injury to death. *Coulson v. Shirks Motor Express Corporation,* supra, recognized that the law as to Delaware damages was established by *Quinn* and that the recovery is for pain and suffering to the time of death, expenses for treatment and "loss of earnings resulting from said injuries from the time of injury to the time of death".

Perhaps the limitation is imposed in view of the fact that the statute permits an independent recovery for damages covering the period after death. It is noted, however, that the policy against double recovery is not applicable where action is brought during the lifetime of the injured party, since the wrongful death provision applies only where no suit has been brought during the lifetime of the injured party. 10 *Del.C.* § 3704(b). However, this was noted in *Quinn* where this Court held that damages for lost earnings ran only to the date of death.

Plaintiff argues that her claim is not one involving the death of the injured party, but rather involves the economic loss resulting from his inability to work during the remainder of his work life expectancy. In support of the contention that the death should not be considered in computing damages for lost earning capacity, plaintiff cites *Sobolewski v. German,* supra, in

---

2. The cases do not indicate that a different measure of damages applies to § 3704(a) actions than that applicable to § 3701.

which this Court stated that in an action such as this "the death of the original plaintiff is not considered either in aggravation of damages or in any other way . . .". This quoted language was not necessary to the holding in *Sobolewski* which involved the validity of a capias suit filed by a widow and, hence, did not involve the measure of damages allowable to an administrator in a suit initiated by a deceased injured party. Moreover, nowhere has this language been applied to permit damages for loss relating to the period after death.

██ It is recognized that the rules which the Delaware Courts have devolved in the application of the survival, non-abatement and death benefits statutes do not cover all eventualities. However, the statutes have been the subject of much decisional discussion out of which the rules have devolved.[3] They have been developed under the constructional limitation that the statutes are in derogation of the common law and are therefore strictly construed. *Saunders v. Hill,* supra.

Plaintiff also seeks to broaden recovery on the ground that a claim for loss of earning capacity does not involve looking beyond the date of actual death of the injured party. While it may be that a distinction should be made between lost future earnings and lost earning capacity, when all of the subtle distinctions have been exercised, the measure of damages appears to be what earnings an injured person would reasonably be expected to receive in the future if he had not been injured. 6 *Modern Trials,* Belli, 338–9; *Henne v. Balick,* Del.Super., 1 Storey 369, 146 A.2d 394 (1958). Both require projection into the future. Hence, under either label, the question remains whether the projection is to be made for the work life expectancy of the injured person (disregard-

ing the death prior to trial) or for the work life expectancy up to the actual death. Consideration must be given to the time when the injured person would have received the earnings. *Steppi v. Stromvwasser,* Del.Super., 297 A.2d 26 (1972). Hence, I do not find the conceptual distinction between lost future earnings and lost earning capacity warrants giving effect to it when determining damages under one concept and ignoring it when determining damages under the other concept.

Plaintiff also cites various Pennsylvania cases involving a death statute substantially similar to the Delaware statute which have permitted recovery for lost earning power after the date of death. *Maher v. Philadelphia Traction Co.,* 181 Pa. 391, 37 A. 571 (1897); *McCafferty v. Pennsylvania R. Co.,* 193 Pa. 339, 44 A. 435 (1899); *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942); *Radobersky v. Imperial Volunteer Fire Department,* 368 Pa. 235, 81 A.2d 865 (1951).

██ It is noted that the decisions merely state the limitation that damages end at death. Although this holding has been stated in conjunction with the proposition that death is not to be considered in determining damages, it is not a necessary corollary of that proposition. Logic would dictate that, accepting the proposition that an injured person is entitled to recover for prospective damages which are reasonably foreseeable and that the administratrix pursuing the action brought by the injured party during his lifetime stands in the shoes of the injured party, and that the death of the injured party is not to be considered in determining damages, the damages should be considered from the vantage point of the injured party and should be determined based upon reasonable probability without regard to the subsequent death of the injured party. Public policy

---

3. *Quinn v. Johnson Forge Co.,* supra; *Perry v. Philadelphia, B. & W. R. Co.,* Del.Super., 1 Boyce 399, 77 A. 725 (1910); *Sobolewski v. German,* supra; *Homiewicz v. Orlowski,* Del. Super., 4 W.W.Harr. 66, 143 A. 250 (1928); *Cann v. Mann Constr. Co.,* Del.Super., 8 Terry 504, 93 A.2d 741 (1952); *Coulson v. Shirks,* supra; *Saunders v. Hill,* Del.Super., 7 Storey 519, 202 A.2d 807 (1964); *Reynolds v. Willis,* supra; *Bennett v. Andree,* supra.

would also support this proposition, at least in the situations where the wrongful death statute does not permit recovery, where the possibility of double recovery does not exist. However, it appears well recognized by this Court and the Delaware Supreme Court that the damages in the surviving action, which was initiated by the injured party before death, are those which have reached fruition as of the date of death. The historical background of the enactment of the statutes relating to death of an injured person, the purpose of each provision and its delineation have been discussed repeatedly in Delaware decisions over a span of eighty years. In view of these longstanding precedents, and in the absence of factors justifying a re-examination of this issue, I do not find a basis for this Court to depart from the Delaware precedents and thus give greater effect to the reasoning and precedents from other states relied upon by plaintiff. *In Re Mikolajewski,* Del.Super., 7 Terry 345, 83 A.2d 750 (1951); *Shellhorn & Hill, Inc. v. State,* Del.Super., 5 Storey 298, 187 A.2d 71 (1962).

Insofar as defendants' motion to dismiss relates to the issue discussed herein, it is granted. Defendants shall submit an order on notice or consent.