**Shirley E. LODEN, Administratrix of the Estate of Carlton L. Loden, Deceased, et al., Plaintiffs,**

**v.**

**GETTY OIL COMPANY, a Corporation of the State of Delaware et al., Defendants.**

Supreme Court of Delaware.

Submitted April 20, 1976.

Decided June 2, 1976.

F. Alton Tybout, Tybout & Redfearn, Wilmington, for plaintiffs.

Alfred M. Isaacs, Flanzer & Isaacs, Wilmington, for defendants.

---

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

HERRMANN, Chief Justice:

In this accident case, Carlton L. Loden sued to recover for injuries sustained while working on the premises of the defendant Getty Oil Company. Shortly thereafter, he committed suicide, and the complaint was amended to substitute his wife as plaintiff under 10 Del.C. § 3704(a).[1]

Defendant moved (1) to dismiss that part of the claim which sought the present value of decedent's lost earning power subsequent to death, and (2) to dismiss the claim for damages due to death because the death was self-inflicted and, thus, not a proper basis for recovery. The Superior Court granted the former motion, see 340 A.2d 174, but ruled against the defendant as to the latter.[2] Both issues were subse-quently certified to,[3] and accepted by, this Court under Supreme Court Rule 20.

I.

Upon the question of whether the administrator of the estate, substituted under § 3704(a), may recover the present value of the decedent's projected earnings loss over his normal life expectancy: plaintiff argues, *inter alia,* that since death is not a factor to be considered in determining damages in an accident case, *Sobolewski v. German,* Del.Super., 2 W.W.Harr. 540, 127 A. 49 (1924), the date of one's death may not be considered a termination date for loss of earnings in an action brought by the injured party. Otherwise, the argument goes, a critically injured party may file suit before his death only at the risk of depriving his dependents of the opportunity of recovering projected earnings[4] in the event of death *pendente lite.*

---

1. 10 Del.C. § 3704 provides:

"*§ 3704. Personal injury actions*

"(a) No action brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction.

"(b) Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

2. The Court held that:

"[i]f plaintiff can establish evidence showing that the suicide which followed the burns suffered by decedent proximately resulted from the original injuries, it is a proper element of damages which a jury can consider if it finds in favor of plaintiff."

3. The precise questions certified are as follows:

"1. Where a person files suit during his lifetime to recover damages due to negligent injury, and subsequently dies as a result of that injury, may the administrator of the estate be substituted and under 10 Del.C. § 3704, recover the present value of the projected loss of income over the life expectancy of the decedent less whatever would have been the cost of support and maintenance of the decedent over the same period of time.

"2. If there is evidence that the accident and the injuries sustained by the decedent combined to create a state of mind on the part of the decedent which would not have existed but for the accident and the injuries and the mental state caused by it led directly to his suicide, is the fact of death resulting from such a suicide a valid basis in the law for maintaining an action at law for damages arising as a result of the death, if:

"(a) There is sufficient testimony to establish to the jury's satisfaction that the accident, the injuries, and the mental state resulting from those injuries and the accident was in fact the direct proximate cause of the suicide and that such suicide would not have otherwise occurred;

"(b) [T]here is sufficient testimony to satisfy the injury that the decedent committed suicide as a result of a mental state induced by the accident and the injuries he sustained and such suicide was committed as a result of a compulsive mind or a frenzy of mind or at a time when he was unable to resist an impulse to take his own life."

4. Such damages—referred to as "death" damages—are expressly recoverable by personal representatives of the deceased under 10 Del.C. § 3704(b) if suit had not been brought prior to the injured party's death and death was caused by defendant's unlawful negligence. *Bennett v. Andree,* Del.Supr., 252 A.2d 100 (1969).

Defendant, on the other hand, maintains that § 3704(a) does not permit the recovery of projected earnings, see, *e. g., Coulson v. Shirks Motor Express Corporation,* Del.Super., 9 Terry 561, 107 A.2d 922 (1954), *Quinn v. Johnson Forge Co.,* Del. Super., 9 Houst. 338, 32 A. 858 (1892). It is contended that while § 3704(b) specifically allows recovery "for the death and loss thus occasioned", the omission of this concept in § 3704(a) is conclusive, a matter only the General Assembly can change.

The Superior Court reluctantly accepted the contention of the defendant, holding that loss of earnings was recoverable in this case only up to the time of death, and not beyond. The Superior Court pointed out that if the injured party had lived, he would have been able to recover for projected future earnings losses; that since the administratrix "stands in the shoes of the injured party", logic and public policy should require that lost earning power for the period subsequent to death be recoverable by the decedent's personal representative. However, the Superior Court felt impelled to restrict recovery of lost earnings to the date of death because prior Delaware case law so indicated. See 340 A.2d at 177–78.

This Court has not heretofore ruled upon the specific issue raised by this certification, *i.e.,* whether § 3704(a) allows the same measure of damages for loss of prospective earnings as is permitted by § 3704(b). For reasons of fairness and logic, we are of the opinion that § 3704(a) should be so construed.

■ If one dies as a result of another's negligence, it is unreasonable to assume a legislative intent which would permit the tortfeasor, by the excessiveness of his own wrongful act, to escape the full measure of damages which would have been recoverable had the injured party lived. A rule of reason requires that the measure of damages recoverable by a decedent's personal representative be the same, basically, as if the injured party had survived.

Further, as plaintiff suggests, to disallow damages for loss of projected earnings under § 3704(a) would mean that a seriously, perhaps terminally, injured party must decide in the exingency whether (1) to sue, with the hope of surviving long enough to recover future earnings losses; or (2) to withhold suit, upon the assumption that he will die before the expiration of the limitation period in order that his spouse or personal representative may bring the action and recover "death" damages under § 3704(b). We think it unreasonable to assume any such legislative intent in the formulation of § 3704.

The result we reach is in accord with the rule prevailing in Pennsylvania, the jurisdiction from which our § 3704(a) apparently was taken.[5] As early as 1897, the Pennsylvania Supreme Court, under facts similar to the instant case, stated in *Maher v. Philadelphia Traction Co.,* 181 Pa. 391, 37 A. 571:

"As the action had been brought in the lifetime of the injured party, and had survived by virtue [of statute], it logically follows that the damages recoverable by her personal representative should be the same as she could have recovered had death not ensued. Included therein are damages for pain and suffering up to the time of her death, and diminution of earning power during a period of life which she would have probably lived had the accident not happened. It is a mistake to suppose that the recovery in this case is for the death. It is still for the personal injury. * * * 'It was a suit by the personal representatives, for the benefit of the estate. Treated in this light, and as the plaintiffs (the administrators) were not damaged by the death, but were recovering for the estate, the only estimate * * * that could be made, was of the value of the life. The wrong done to it survived, by virtue of the statute, to

5. See 20 Purdon's Stats.Ann. §§ 320.601–320.603.

the estate, and gave the personal representatives their right of recovery co-extensively with its value.'" 37 A. at 572, quoting from *Pennsylvania Railroad Co. v. Zebe,* Pa.Supr., 33 Pa. 318, 329 (1858).

See also *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); *Radobersky v. Imperial Volunteer Fire Department,* 368 Pa. 235, 81 A.2d 865 (1951); *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942).

Accordingly, the First Question certified is answered in the affirmative.

## II.

■ Because the Second Question certified contains a basic disputed fact—whether sufficient evidence exists to show that the suicide resulted from decedent's injury—it is not in conformity with Supreme Court Rule 20(2), which provides, *inter alia:* "No certification will be allowed if the facts are in dispute."

Accordingly, we must conclude that the Second Question is not in proper posture for certification and that acceptance thereof was improvidently granted.