EVA M. COX, widow of ELMER E. COX, *vs.* WILMINGTON CITY RAILWAY COMPANY.

*Personal Injuries—Negligence—Highway; Care in use of—Railway—Vehicle—Presumption—Damages.*

   1.   In using a street of the city, the same being a public highway, the railway company and driver of a vehicle are each bound to exercise such caution and care, to prevent injury, as ordinarily prudent and careful men would exercise, under all the conditions and circumstances of the case.

   2.   The driver of the vehicle is free to use any and all parts of the street, fit for public travel, at his will.   The car can move only on and along its fixed tracks; must move in those tracks if at all, and to that extent has the right of way therein. But it is incumbent upon the company to exercise all such care, in respect to speed, sounding of gong, ringing of bell, slowing up and stopping of the car in the presence of danger, as is reasonably demanded by the surrounding conditions.   In every case the care must be such as a due regard for the rights and safety of all other persons lawfully using the highway reasonably demands.

3. In the absence of evidence to the contrary, the law presumes that at the time of the accident the deceased did his duty, and exercised reasonable care.

4. The plaintiff cannot recover if he was guilty of contributory negligence, even though the defendant was also negligent. The plaintiff may recover, however, if the negligence of the defendant was the proximate or immediate cause of the accident, provided the negligence of the plaintiff was not then continuing, and did not at that precise time enter into the accident. In other words, if, notwithstanding any previous negligence of the plaintiff the defendant could have prevented the accident by the use of ordinary and reasonable care.

5. In every case each party has a right to presume that the other party will do his duty; but such presumption in no wise relieves such party of the duty of exercising ordinary and reasonable care on his part.

6. Measure of damages.

(*December 12, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*William T. Lynam* and *J. Harvey Whiteman* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, November Term, 1902.

ACTION ON THE CASE (No. 131 November Term, 1901).

LORE, C. J., charging the jury:

Gentlemen of the jury:—It is conceded in this case, that on the eighteenth day of September, 1901, a horse and light delivery wagon of the Hartman & Fehrenbach Brewing Company, under the control of Elmer E. Cox as driver, moving eastwardly on Ninth street between Walnut and French streets in this city, collided with a summer trolley car owned and operated by the defendant company, moving westwardly on the same street.

That in the collision, Cox received injuries of such a nature that he died on the following Sunday, September 22d.

This action is brought by Eva M. Cox, the widow of said

Elmer E. Cox deceased, to recover the damages she claims to have sustained as such widow, by reason of the death of her said husband, which death she charges resulted from the negligence of the defendant company; in that at the time of the accident, the car of the defendant company was being managed and run recklessly by the motorman, at a violent and dangerous rate of speed, and without the sounding of gong or ringing of bell.

The defendant denies these allegations, and claims that the accident resulted from the negligence of said Elmer E. Cox, and not from that of the company.

The one question for you to determine is, was the accident the result of negligence; and if so, whose negligence; that of Cox, or of the defendant?

In order to aid you in reaching a correct conclusion, the Court will state certain principles of law applicable to the case.

The plaintiff bases her right to recover, upon the negligence of the defendant. The burden of proving such negligence is upon the plaintiff, and is to be shown by a preponderance of evidence to your satisfaction. If she has failed so to satisfy you, she cannot recover.

It is admitted that at the time of the accident Ninth street was a public highway of this city, and that both the said Elmer E. Cox and the said defendant had the right to use the same lawfully, for their respective purposes.

In the use of the said highway, each party was bound to exercise such caution and care to prevent injury to others as ordinarily prudent and careful men would exercise, under all the conditions and circumstances surrounding the time and place of accident.

The deceased was free to use any and all parts of the street, fit for public travel, at his will. The car could move only over and along its fixed tracks, and of necessity must move in those tracks if it moved at all, and to that extent had the right of way therein. But in so using the said highway, it was incumbent upon the defendant to exercise all such care, in respect to speed, sounding

of gong, the ringing of bell, the slowing up and stopping of car in the presence of danger as was reasonably demanded by all surrounding conditions. The Court will not attempt to specify just what particular acts must be done or left undone. In every case they must be such as a due regard for the rights and safety of all other persons lawfully using the said highway reasonably demand. If the company failed to use such reasonable care, and the injury resulted from such failure alone, the company would be liable.

A like duty of exercising reasonable care, rested upon Cox, and if the injuries complained of resulted from his failure so to do, the plaintiff cannot recover.

In the absence of any evidence to the contrary, the law presumes that at the time of the accident the deceased did his duty, and did exercise reasonable care and caution. This, however, is merely a presumption of law.

If the negligence of Cox entered into the accident at the time the injuries were received, the plaintiff cannot recover, even though the company was also guilty of negligence. In such a case Cox would be guilty of contributory negligence, and the Court will not attempt to measure how much of the negligence each one contributed.

The plaintiff however would be entitled to recover, notwithstanding there had been some negligence on the part of Cox, if it was the negligence of the defendant alone that was the proximate or immediate cause of the injuries; provided the negligence of Cox was not then continuing and did not at that precise time enter into the accident. In other words, if, notwithstanding any previous negligence of Cox, the company could have prevented the accident by the use of ordinary and reasonable care.

In every case each party has a right to presume that the other party will do his duty; but such presumption in no wise relieves such party of the duty of exercising ordinary and reasonable care on his own part.

Your verdict must be reached by applying the law as we have declared it to the facts in this case.

If you find for the plaintiff, it should be for such a sum of money as will reasonably compensate her for any and all damage that she has sustained, or may hereafter sustain by reason of the death of her said husband; basing your verdict upon the number of years the deceased would probably have lived and have given to her the benefits of his society and support as such husband.

Verdict for plaintiff for $6000.