ALBERT N. SODEN, EXECUTOR, ETC., OF GARRETT N. SODEN, DECEASED, APPELLANT, v. TRENTON AND MERCER COUNTY TRACTION COMPANY, A CORPORATION, RESPONDENT.

Argued February 20, 1924—Decided May 26, 1924.

In view of sections 1 and 2 of the Death act (*Comp. Stat., p.* 1907; supplemented by *Pamph. L.* 1917, *p.* 531), and of section 4 of the Executors' and Administrators' act (*Comp. Stat., p.* 2260), where a person is injured, and such injuries cause his death, if any suit is thereafter brought it must be for the exclusive benefit of the widow, or surviving husband, and next of kin, and the damages recoverable are limited to the pecuniary injury resulting from such death to such widow, or surviving husband, and next of kin of such deceased person, in accordance with the provisions of the Death act.

On appeal from the Mercer County Court of Common Pleas.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the appellant, *Martin P. Devlin.*

For the respondent, *George Gildea* and *Katzenbach & Hunt.*

The opinion of the court was delivered by

TRENCHARD, J.   On May 30th, 1922, Garrett N. Soden was a passenger upon a trolley car of the defendant company,

and while alighting therefrom was injured by the defendant's negligence. On November 25th, 1922, he died as a result of such injuries. The plaintiff, as executor of his last will and testament, brought this suit to recover the medical expenses incurred and loss of earnings between the date of the accident and the date of death, and also the pecuniary loss suffered by the next of kin by reason of his death.

The defendant traversed, and, at the foot of its answer, gave notice that, at the trial, it would move to strike out the claim for damages suffered during the lifetime of plaintiff's testator, and such motion was made and granted. Thereafter, the trial court permitted the plaintiff to amend his complaint by separating it into two counts, in the first of which he sought to recover the damages accruing during the lifetime of decedent, and in the second, damages suffered by the next of kin by reason of the death. Thereupon, the defendant moved to strike out the first count, which motion was allowed. The defendant then admitted negligence, the plaintiff produced testimony as to damages suffered by the next of kin by reason of the death, and the jury returned a verdict in favor of the plaintiff.

The plaintiff took this appeal from the consequent judgment and argues only one ground, and that is that the trial court erred in refusing to allow the plaintiff to plead and prove the medical expenses paid and the loss of earnings incurred by the plaintiff's testator between the date of the accident and the date of his death.

The question thus presented is whether or not when a personal injury is received, which results in death, two causes of action exist, one by the executor or administrator for the medical expenses paid and loss of earnings incurred during the lifetime of the decedent, and the other to recover the pecuniary damages suffered by the next of kin as a result of the death.

We believe that this question has never been directly decided in this state, and that is probably because of the idea prevailing generally amongst the members of the bar that where personal injuries result in death the only damages re-

coverable are those suffered by the widow or surviving husband, and next of kin.

In the present case each count claims in a different right. In the first the executor sues as a representative generally of the estate (including creditors, legatees, &c.), for damages to that estate. In the second he sues for the benefit of the next of kin.

Both causes of action asserted are founded upon tort. The damages are alleged to have resulted from negligence. No breach of a contract is alleged. Moreover, to support the count stricken out, the plaintiff relies upon the act which gives an executor a right of action for trespass to the person of his testator, and we therefore see no reason for considering, in this connection, the cases founded upon contract which the industry of counsel has laid before us.

We think that this case must be, and is, determined by a careful reading of sections 1 and 2 of the Death act (*Comp. Stat.*, p. 1907), and of section 4 of the Executors' and Administrators' act (*Comp. Stat.*, p. 2260), which obviously must be construed together.

The first section of the Death act declares: "That whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

The second section provides that: "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in proportion provided by law in relation to the distri-

30    NEW JERSEY SUPREME COURT.

Soden v. Trenton and Mercer Co. Trac. Co.    *100 N. J. L.*

bution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person," &c.

The supplement of 1917 (*Pamph. L., p.* 531) makes no change material for present purposes. It provides that damages recovered shall be for the benefit of a surviving husband, as well as a widow and next of kin, and also provides that where there is no will the action shall be brought by an administrator *ad prosequendum.*

It has been uniformly held that the damages recoverable under this act are limited to such as arise from the pecuniary injury to the widow or surviving husband and next of kin resulting from the death. *Demarest* v. *Little*, 47 *N. J. L.* 28; *May* v. *West Jersey, &c., R. Co.*, 62 *Id.* 64; *Consolidated Traction Co.* v. *Hone*, 60 *Id.* 444. In the latter case it was said:

"This action being the creature of the statute, such damages only can be assessed as are clearly within the contemplation of the positive law."

Now, it is seen that the Death act declares in effect that when the death of a person is caused by the wrongful act of another for which the party injured could have maintained an action if he had lived, then an action for damages may be maintained notwithstanding the death; and that "every such action" shall be brought for the exclusive benefit of the widow, surviving husband and next of kin, and "in every such action" the jury may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from such death.

It seems to us that the meaning of the act is plain, and requires that every action brought for an injury resulting in death shall be brought for the exclusive benefit of the widow, surviving husband and next of kin.

But the appellant relies upon the fourth section of the statute relative to executors and administrators (*Comp. Stat., p.* 2260), which declares: "That executors and administra-

tors may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser or trespassers, and recover their damages in like manner as their testator or intestate would have had if he or she was living."

He contends that, in addition to an action under the Death act, he can also maintain an action under this section of the Executors' and Administrators' act, which was enacted later than the Death act. In other words, he says that though the testator, if he had lived, could have brought but one action for his injuries, because the accident resulted in his death, two actions may now be maintained. We think not.

In the act respecting executors and administrators above quoted, the word "trespass" has been construed to mean "tort," and we assume, without deciding, that an action for tort resulting in personal injury not resulting in death would pass to the executors or administrators of the injured party on his death. When an action survives to an executor or to an administrator under that act, the executor or administrator may recover his damages in like manner as his testator or intestate could have done "if he or she was living." If we assume that the damages referred to are such damages to the estate of the injured person as he could have recovered if living, thus giving the statute a literal construction, then, if appellant's contention is correct, if a man were permanently injured so that he would have been a helpless invalid for years, the executor or administrator could recover that pecuniary damage which decedent could have recovered, namely, medical expenses and the present value of the possible future earnings of decedent. Now, in an action under the Death act, ordinarily the damages of the next of kin arise principally from the fact that there is by the death a cessation of pecuniary profit which the next of kin would have received from the earnings of the decedent, so that if two actions existed there would be a double recovery for at least a large part of the decedent's loss of earnings. Manifestly, such was not the intention of the legislature. Moreover, it has been said

that only one cause of action exists, and where that cause of action has been barred by the decedent in his lifetime, either by settlement or suit, no action can be maintained for the next of kin.   See cases referred to in *McKeering* v. *Pa. R. R. Co.*, 65 *N. J. L.* 57.   Furthermore, the Death act itself provides that the action exists for the next of kin only against "the person who, or the corporation which, would have been liable if death had not ensued."

We, therefore, conclude finally that where a person is injured and such injuries cause his death, if any action is brought thereafter it must be for the exclusive benefit of the widow, or surviving husband, and next of kin, and the damages recoverable are limited to the pecuniary injury resulting from such death to such widow, or surviving husband, and next of kin, of such deceased person, in accordance with the provisions of the Death act.

In *Hackensack Trust Company* v. *Vanden Berg,* 88 *N. J. L.* 518, Mr. Justice Parker discussed the relationship to each other of the Death act and the act concerning executors and administrators.   There the question was whether or not an action for wrongfully causing death could be brought against the executor or administrator of a deceased wrong-doer. After pointing out that the word "trespass" means "tort," he said of the Executors' and Administrators' act:

"In these aspects it is certainly broad enough to include a right of action in favor of executors or administrators for an injury causing death, and for which the deceased, if living, could have sued.   It is true that under section 2 of the Death act the recovery is for the benefit of the widow and next of kin, and is confined to the pecuniary injuries sustained by them; but this is merely a limitation on the amount recoverable, and a direction as to its ultimate disposition."

Clearly, that means that the two statutes construed together limit the damages to the pecuniary loss of the widow, or surviving husband, and next of kin.   In the present case such damages have been awarded.

This view of the relation of similar statutes concerning actions for death and survival of actions for personal injury

has been taken by the courts of many other jurisdictions, of which the following cases are illustrations: *Wilcox* v. *International Harvester Co., 278 Ill.* 465; *Martin* v. *Wabash R. Co., 142 Fed. Rep.* 650; *Hulbert* v. *Topeka, 34 Id.* 510; *Lubrano* v. *Atlantic Mills, 19 R. I.* 129; *McLaughlin* v. *Hebron Mfg. Co., 171 Fed. Rep.* 269.

The judgment below will be affirmed.