DELAWARE MANUFACTURING INVESTMENT COMPANY *v.* THE SUMMONS FINANCE CORPORATION.

(*March* 30, 1928.)

HARRINGTON and RICHARDS, J. J., sitting.

*George W. Hering* and *David J. Reinhardt* for plaintiff.

*Robert Adair* for defendant.

Superior Court for New Castle County, ▮▮▮▮▮▮▮▮
▮▮ No. 176, March Term, 1928.

HARRINGTON, J., delivering the opinion of the court:

The sole question to be determined is whether the affidavit of defense is sufficient to prevent the entry of judgment on the affidavit of demand.

The statute (*Rev. Code* 1915, § 4169) provides that in actions on mortgages and certain other obligations, judgment by default, notwithstanding the appearance of the defendant, shall be entered where an affidavit of demand is filed, unless the defendant shall file an affidavit stating "that he * * * verily believes * * * [that] there is a legal defense to the whole or part of such cause of action, and setting forth the nature and character of the same."

While the affidavit filed does not follow the language of the statute, it is nevertheless contended that it sufficiently complies with the provisions of *section* 4169, and that judgment for the plaintiff should be refused.

It states that the affiant, the treasurer of the corporation, "is advised and informed, and, therefore, avers that the said defendant corporation is not indebted to the plaintiff, * * * but that the said defendant has a full, complete and legal defense, * * * to wit: Payment."

*Section* 4169 of the *Code of* 1915 was enacted to provide a quick and easy method of procuring judgment in certain cases where there is no real defense to the action, but being summary in its nature we are extremely cautious in entering judgment under its provisions.

■ ■ Where an affidavit of defense is filed, its language is, therefore, carefully scrutinized and any doubt as to the legal sufficiency of the facts set forth as a defense will operate in favor of the defendant (*Woolley on Del. Prac.*, § 289); but it was not intended for the mere purpose of delay and where the affidavit of demand is in proper form in order for an affidavit of defense to prevent the entry of judgment on the cause of action sued on, it must not only set out the defense relied on, but it must, also, appear that the affiant believed that there was such a defense. See *Woolley on Del. Prac.*, § 278.

■ The affidavit in this case was by the express provisions of the statute necessarily made by the treasurer of the defendant corporation. By virtue of holding that office, it would seem that she should have been familiar with the financial affairs of the corporation and with its records pertaining thereto, yet it neither directly nor indirectly appears therefrom that she believed that payment could be relied on as a defense to plaintiff's action.

The affidavit merely states that the affiant is "advised and informed, and, *therefore*, avers" that the mortgage sued on has been paid. The use of the word "therefore" clearly shows that it is solely based on advice and information.

It is conceivable that she may have been advised and informed that it had been paid, though she may have known perfectly well that such advice and information was incorrect.

In *Bidder v. Bridges* [1884], 26 *Ch. Div.* 1 (4), where the affidavit stated that the affiant was "advised" that certain named persons were material witnesses for the plaintiff, Kay, Judge, said:

"The deponent does not say that he believes it. He says that he is advised; for anything that appears in the affidavit he may know perfectly well, although he is so advised, that not one of them (the witnesses referred to) is a material witness."

Our conclusion, therefore, is that the affidavit in question is evasive, and that it does not comply with either the letter or the spirit of the statute.

Neither *Moeck v. Littell*, 82 *Pa.* 354; *Election Cases*, 65 *Pa.* 20; *McPherson v. Allegheny National Bank*, 96 *Pa.* 135; *In re Keller* (*D. C.*), 36 *F.* 685, nor *Johnston v. Harrington*, 5 *Wash.* 73, 31 *P.* 316, cited by the defendant, are inconsistent with this conclusion, as it appeared in all of them, either directly or from necessary implication, that the affiant believed in the correctness of the facts stated.

Judgment must, therefore, be entered on the affidavit of demand, notwithstanding the affidavit of defense.