JANE A. COULSON and GEORGE T. COULSON, Administrator of the Estate of Ethel C. Fox, Plaintiffs, v. SHIRKS MOTOR EXPRESS CORPORATION, a corporation of the State of Delaware, Defendant.

(*August* 11, 1954.)

TERRY, J., sitting.

*Alexander L. Nichols* (of the firm of Morris, Steel, Nichols and Arsht) for the Plaintiffs.

*William H. Bennethum* and *Ernest S. Wilson, Jr.,* (both of the firm of Morford, Bennethum and Marvel) for the Defendant.

Superior Court for New Castle County, No. 325, Civil Action, 1954.

TERRY, J.:

· This case relates to a consideration of the provisions of Section 3701, Title 10 *Delaware Code* 1953, and the proper measure of damages in suits thereunder for injuries which are caused by negligence resulting in death. The act provides "all causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued. Accordingly, all actions, so surviving, may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action accrued. * * *"

Prior to 1949 this statute was found under Section 4637 of the *Revised Code of Delaware,* 1935. Included, however, within the exception clause of Section 4637 appeared, "or any injury to the person". This particular exception was deleted when the statute was amended under the provisions of Chapter 383, Volume 47, *Laws of Delaware* 1949. Thus, until 1949 no cause of action survived predicated upon "an injury to the person," and this case is one of first impression in respect to the meaning to be given to the provisions of the statute as amended in 1949 (now Section 3701) in relation to such actions.

On February 26, 1954, a motor vehicle operated by plaintiff, Jane A. Coulson, collided with a motor vehicle owned by the defendant on Route 13, south of Wilmington. Plaintiff, George T. Coulson's decedent, Ethel C. Fox, was a passenger in the Coulson vehicle.

On April 8, 1954, the complaint was filed wherein a claim was asserted by Jane A. Coulson for personal injuries, and a

claim was asserted by the administrator of Ethel C. Fox for special damages and pain resulting from personal injuries sustained by the decedent. (The decedent died as a result of the injuries sustained by her in said collision, but no claim is made in the complaint for damages for the death of the decedent and the loss thus occasioned, nor is it alleged that the decedent died from causes other than those occasioned by the injuries that she sustained in said collision.)

The case is now before me upon the defendant's motion to dismiss the complaint as to the administrator's action on the ground that it fails to state any claim against the defendant upon which relief may be granted.

The substantive question to be determined is: Did the cause of action, as indicated in the complaint, having accrued to the deceased in her lifetime from the alleged negligent act of the defendant, abate when she died, or did it survive so that suit upon it might be instituted and maintained by her administrator? At Common Law the right of action arising from an alleged negligent act of the character charged in the complaint would have abated upon the death of the person so injured. It is a rule of the Common Law that, if an injury were done to the person of another for which damages only could be recovered in satisfaction, the action died with the person to whom the wrong was done.

Under the present statutory law in this State, if a suit for personal injuries is brought during his lifetime by a person injured, no other action of any kind is maintainable even though he subsequently dies of his injuries. His death, however, does not abate the action so brought by him, as his personal representative may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction. Delaware Non-Abatement Statute relating to pending actions for injuries to the person—Section 3704(a), Title 10 *Delaware Code* 1953, originally enacted as Section 1, Chapter 31, 13 *Delaware Laws* 1866. This statute does not create a new cause of action, but merely

prevents a subsisting and pending one from abating by reason of the death of the plaintiff. The cause of action is devolved upon the personal representative, and when ripened into a judgment becomes an asset of the estate of the deceased for the benefit of his creditors, if he has any, or for the benefit of his legatees and distributees.

If, however, a suit for personal injuries is not brought during the lifetime of the person injured and death results from said injuries, an action may be brought under the provisions of our Wrongful Death Statute. Section 3704(b), Title 10 *Delaware Code* 1953, originally enacted as Section 2, Chapter 31, Volume 13, *Laws of Delaware* 1866.

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

Now a comparison between the "Non-Abatement" and the "Wrongful Death" Statutes will clearly point out the legislative intent in enacting each. The differences in the acts are striking.

The Non-Abatement Statute: This act does not create a new cause of action, but merely continues in the personal representative of the deceased the cause of action that had accrued to the deceased at Common Law by reason of the negligent act of the defendant, and may be prosecuted by such representative to final judgment and satisfaction. The object of the act is to prevent an action brought during the lifetime of the deceased for the recovery of damages for personal injuries caused by the negligence or default of a defendant from abating by the death of the plaintiff before final judgment. The law in this State in respect to damages under this act is as indicated in the case of *Quinn v. Johnson Forge Co.*, 1892, 9 *Houston* 338, 32 *A.* 858, and followed by Judge Herrmann in the case of *Cole v. Steen,* Superior Court, Delaware, May, 1954, Not Reported. (In both

cases the plaintiffs died as a result of the injuries complained of.) In these cases the elements of damage recoverable are pain and suffering from the time of injury to the time of death, expenses incurred in endeavoring to be cured of said injuries, and loss of earnings resulting from said injuries from the time of injury to the time of death.

The Wrongful Death Statute: This act provides a new and independent cause of action unknown to the Common Law. The action is not predicated upon the personal injuries sustained by the deceased, but rather upon his wrongful death and the loss occasioned thereby. *Homiewicz v. Orlowski*, 4 *W. W. Harr.* 66, 143 *A.* 250. The damages recoverable under this act are measured by the pecuniary loss occasioned to the named beneficiaries. *Lockerman v. Hurlock*, 2 *W. W. Harr.* 479, 125 *A.* 482; *Wood v. Philadelphia, B. & W. R. Co.*, 1 *Boyce* 336, 76 *A.* 613; *Lynch v. Lynch*, 9 *W. W. Harr.* 1, 195 *A.* 799; *Taylor v. Riggin*, 1 *Terry* 149, 7 *A.* 2d 903; *Lenkewicz v. Wilmington City Ry. Co.*, 7 *Penn.* 64, 74 *A.* 11; *Gray v. Pennsylvania R. Co.*, 3 *W. W. Harr.* 450, 139 *A.* 66. See Annotations under Damages, Section 3704, Title 10 *Delaware Code* 1953.

From 1866 until 1949 these two statutes (Non-Abatement and Wrongful Death) encompassed the entire field of remedy for "injuries to the person," resulting or not resulting in death.

Our Survival Statute, as previously indicated, was amended in 1949 (Now Section 3701 of the *Code of* 1953, aforesaid) by deleting the exception "injury to the person" theretofore existing, thus causing such an action to survive to or against the executor or administrator of the person to or against whom the cause of action accrued. The result of this amendment has not been the creation of a new cause of action, but rather the continuance in the executor or administrator of a deceased of the same right of action which accrued to the deceased during his lifetime because of the negligent act of the defendant. The damages recoverable under this statute are the same as those recoverable under the Non-Abatement Statute; that is, pain and

suffering from the time of injury to the time of death, expenses incurred in endeavoring to be cured of said injuries, and loss of earnings resulting from said injuries from the time of injury to the time of death.

Now since the deceased could have brought an action in his lifetime for the injuries sustained by him as set forth in the complaint, then why cannot his administrator commence and prosecute the same action under the provisions of Section 3701, aforesaid, regardless of whether death resulted from the injuries complained of or from some other independent cause?

The defendant contends that our Wrongful Death Act, together with our Non-Abatement Act, encompasses and pre-empts the entire field of remedy for personal injuries resulting in death, and that an action for personal injuries cannot be maintained under our Survival Statute unless it appears in the complaint that the plaintiff's decedent died of causes other than the injuries complained of. The defendant's position is predicated upon the theory that there can be but one cause of action consequent upon a single tortious act. *Holton v. Daly*, 106 *Ill.* 131; *Martin v. Wabash R. Co.*, 7 *Cir.*, 142 *F.* 650; *Lubrano v. Atlantic Mills*, 19 *R. I.* 129, 32 *A.* 205, 34 *L. R. A.* 797; *Wilcox v. International Harvester Co. of America*, 278 *Ill.* 465, 116 *N. E.* 151; *Hulbert v. City of Topeka*, *C. C.*, 34 *F.* 510; *Rouse v. Michigan United Rys. Co.*, 164 *Mich.* 475, 129 *N. W.* 719.

The defendant's contention in this respect, if adopted, would lead to an emasculation of the clear provisions of the 1949 Amendment to our Survival Statute. Rules of statutory construction have no place except in the domain of ambiguity. *Delaware Steeplechase & Race Association v. Wise*, 2 *Terry* 587, 27 *A.* 2d 357. There is nothing new or unusual in the law giving a right of redress to two or more persons for the infliction of a single negligent act. It is, however, important that two separate actions based upon a single negligent act shall not overlap or result in a duplication of damages and thereby compel a tort feasor to pay them more than the maximum damage caused by the negligent act.

In the present case I find the allegations of the complaint to be well within the remedial provisions of our Survival Statute. Thus, it is my conclusion that the provisions of Section 3701 representing our latest legislative expression in the field of survival of causes of action for injuries to the person is plain, readily understandable, and all inclusive. Insofar as it relates to injuries to the person it followed by eighty-three years the enactment of our Wrongful Death and Non-Abatement Statutes and must be assumed to embrace matters not covered by these statutes, including causes of actions for injuries to the person resulting in death not commenced prior to death. *Strain v. Kern,* 277 *Pa.* 209, 120 *A.* 818; *Pezzulli v. D'Ambrosia,* 344 *Pa.* 643, 26 *A.* 2d 659; *Stewart v. United Electric Light & Power Co.,* 104 *Md.* 332, 65 *A.* 49, 8 *L. R. A., N. S.,* 384; *Soden v. Trenton & Mercer County Traction Co.,* 100 *N. J. L.* 27, 124 *A.* 710, affirmed 127 *A.* 558; *St. Louis, Iron Mountain & S. Ry. Co. v. Craft,* 237 *U. S.* 648, 35 *S. Ct.* 704, 59 *L. Ed.* 1160.

The defendant's motion to dismiss the complaint is denied.