ROLAND S. ELLIOTT, PLAINTIFF, v. MILFORD MEMORIAL HOSPITAL, INC., A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT.

*(November* 18, 1964)

DUFFY, P. J., sitting.

*Everett P. Warrington,* for plaintiff.

*William Prickett, Jr.,* and *Richard I. G. Jones,* of Prickett & Prickett, for defendant.

Superior Court of Delaware, Sussex County, No. 301 Civil Action 1963.

DUFFY, President Judge.

This is a statutory suit by a husband, Roland S. Elliott, against Milford Memorial Hospital, Inc., ("Hospital") for the wrongful death of his wife. The suit is under what is known historically as Lord Campbell's Act and which is in the *Delaware Code* at 10 *Del.C.* Sec. 3704(b). It is up for decision upon a motion to dismiss the complaint which alleges the following:

Theo B. Elliott ("Theo") was injured on August 12, 1959 when she fell in the Milford Memorial Hospital. She died on January 2, 1962. She did not sue the Hospital during her lifetime. Both the fall and death were the results of injuries caused by the Hospital's negligence.

The complaint was filed on December 31, 1963. For present purposes its allegations are taken as true. The motion to dismiss is based upon the three-year statute of limitations, 10 *Del.C.* Sec. 8106,

or the two-year statute, 10 *Del.C.* Sec. 8106A.[1]

In Delaware an action for personal injuries must be brought within two years from the date upon which it is claimed that the injuries were sustained. 10 *Del.C.* Sec. 8118.[2] The complaint shows that Theo did not file suit within two years after August 12, 1959. Hence a claim by her was barred by the time she died on January 2, 1962.

The Delaware wrongful death statute, 10 *Del.C.* Sec. 3704(b), reads as follows:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

Is an action permissible under this statute if a claim by the person injured—the decedent—was barred by the lapse of time? In short, when does an action "accrue" under 10 *Del.C.* Sec. 3704(b)? Reasoning from Judge Rodney's opinion in Homiewicz, the Hospital argues that the tort which gave rise to the cause of action is single and if barred to the person injured then it must likewise be barred to one suing under the statute.

In Homiewicz Judge Rodney visualized the present problem but

---

[1]By judicial construction, *Homiewicz v. Orlowski*, 4 W.W.Harr. 66, 143 A. 250 (1928), the general three-year limitation was held applicable to a suit for wrongful death. This was changed by a statute, 10 *Del.C.* Sec. 8106A, which now reads: "No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action." This was effective July 9, 1960 but was not applicable to any cause of action which arose or accrued prior to the effective date. 52 Del.Laws, Ch. 339. In view of my conclusion, the difference in time periods is not material.

[2]52 Del.Laws, Ch. 339 changed the period of limitation from one to two years, effective July 9, 1960.

did not have to decide it.[3] Some years later Justice Carey, while sitting in this Court, held in *Green v. Loper,* 6 Terry 117, 67 A.2d 856 (1949) that the statute of limitations applicable to a civil action under the death act begins to run on the date of death and not on the date of the granting of letters of administration to an administrator, the deceased having left no widow and having brought no action in his lifetime. In Green the date of the tort and the date of death were the same. The entire discussion was with respect to the date of death. Nothing in the opinion suggests that the statute should begin to run any earlier than that time.

The vast weight of authority around the country adopts the date of death as the date at which the statute starts to run. Thus, at 16 Am.Jur., Death, Sec. 167, it is said:

"The general rule, however, is that the cause of action accrues and the statute runs from the time of the death, and not from the time the tortious act was committed, * * *."

25 C.J.S. Death Sec. 54 states:

"Except under survival statutes and those expressly providing that the action must be instituted within a specified time from the injury or act or omission causing the death, time ordinarily runs against a death action from the time of death."

Prosser on Torts (3 Ed.), Sec. 121, states the following:

"As to the defense of the statute of limitations, * * * the considerable majority of the courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he

---

[3]He said, at 143 A. 252, "In this case we are not directly concerned with the interesting questions as to whether a right of action remains in the statutory parties if the right of action of the injured party has been barred by the limitation of time, as where the injured party survives beyond the period of limitation without bringing any suit or discharging or releasing the tort in any way."

was living. Only a few courts hold that it runs from the time of the original injury, and consequently that the death action may be lost before it ever has accrued."

Cases in support of these general conclusions are legion, as shown in the annotation which begins with the following statement of the general rule, 174 A.L.R. 815, 817:

"According to the great weight of authority the limitation period applicable to a cause of action for wrongful death, whether contained in the statute creating the right of action or in the general statutes of limitation, begins to run from the time of the death complained of."

There is small but important dissent from this general proposition. In *Howard v. Bell Telephone Co. of Pennsylvania,* 306 Pa. 518, 160 A. 613 (1932), the Court held, on the precise point here at issue, that a widow's right of action for negligence causing her husband's death was extinguished when the husband's right of action was barred by time at his death. Presumably, this is still the law in Pennsylvania. And the American Law Institute adopts the Pennsylvania rule, saying, at 4 Restatement of the Law, Torts, Sec. 899,

"A cause of action for death is complete when death occurs; since, however, the decedent in his lifetime had a cause of action, the cause of action for death does not come into existence if before the death the action for the tortious conduct has been barred by the lapse of time."

Our statute is copied from Pennsylvania law, *Homiewicz v. Orlowski,* supra, and, as a borrower, we generally follow the law of the lender. *Green v. Loper,* supra. But I am persuaded that Delaware should line up where we find the great majority of states.

It is quite clear that the Delaware statute creates a new cause of action. In Judge Rodney's words from Homiewicz, the action "is not a continuation of the right of action the injured person would have had if

he had not died, but a new and distinct right of action." A suit by the injured person for his personal injuries does not abate by his death; it is continued under 10 *Del.C.* Sec. 3704 (a). A judgment entered upon such a suit may include compensation for pain, suffering and like elements, commonly found in tort actions. But the Death Act introduces a new party (surviving spouse or personal representative) with a "new and distinct right of action" based upon a completely different measure of damages (those flowing from "the death and loss thus occasioned"). *Coulson v. Shirks Motor Express Corporation,* 9 Terry 561, 107 A.2d 922 (1954).

There can be little doubt that the death action includes each of these elements. But there can be no action for the death until death in fact occurs. If the statute of limitations were to run from the date of the tort, then the cause of action could be extinguished before it ever came into being. Such a result is consonant with neither the language of the statute nor its purpose. As to the latter, it should be noted that the "loss occasioned" by the death is the loss sustained by the surviving spouse or the personal representative. *Coulson v. Shirks Motor Express Corporation,* supra. And, as I have indicated, the statutory objective to compensate for this loss would be wholly defeated if the right of action were gone before it arrived.

In Howard the Court said that the right of action was legally dead so there was nothing to preserve or to revive upon the death of the injured person. While this has a certain logic about it, the fact is that our Courts have taken a view of the statute which is fundamentally different. Upon death of the injured person there is nothing to revive or continue. We think, rather, that a new cause of action then arises and this approach is consistent with general tort law. Thus a single tort may give rise to a number of separate and distinct causes of action by different persons—for personal injuries by one, for property damage by another, for loss of consortium by another. And, too, it may give rise to a claim for wrongful death.

The Hospital's motion to dismiss the complaint is denied.