ROGER P. REYNOLDS, Defendant-Appellant, v. LINDA G. WILLIS, Plaintiff-Appellee.

(*April* 21, 1965)

WOLCOTT, C. J., CAREY, J., and SEITZ, Chancellor, sitting.

*Herbert L. Cobin,* for appellant.

*John T. Gallagher,* of Morris, Nichols, Arsht & Tunnell, for appellee.

Supreme Court of the State of Delaware, No. 62, 1964.

CAREY, Justice.

This appeal from the Superior Court for New Castle County involves an automobile accident in which appellee's husband was injured. Shortly thereafter he died as a result of those injuries. He is alleged to have been a gratuitous passenger in appellant's car. The appellee is his widow as well as the administratrix of his estate. .

The appellee instituted this action seeking a recovery as administratrix under T. 10 *Del. C.* Sec. 3701 (the Survival Statute) and as widow under T. 10 *Del. C.* Sec. 3704(b) (the Wrongful Death Statute). The former act provides that certain rights of action shall survive to the personal representative, and the latter act confers the right upon a surviving spouse to maintain an action to recover damages "for the death and loss thus occasioned." As administratrix, the appellee claims damages for decedent's pain and suffering, for his medical and funeral expenses, and for punitive damages. As widow, she claims damages for loss of support, for loss of her share of the savings that decedent could reasonably have been expected to accumulate during his lifetime, for loss of consortium, for funeral expenses and for punitive damages. Among other defenses, the appellant pleaded contributory negligence on the part of the decedent, and non-liability

under the "Guest Statute," T. 21 *Del. C.* Sec. 6101. The Court below, in passing upon various motions, made the following rulings in the wrongful death action which are here questioned: (1) contributory negligence of the decedent is not a defense; (2) the Guest Statute is not applicable in this action; (3) loss of the widow's share of the accumulations which the husband would be expected to have made during his lifetime is a proper element of damages; (4) her loss of consortium may be recovered; (5) punitive damages are recoverable; (6) funeral expenses if paid by her recoverable; (7) her damages are not to be reduced because of a remarriage. In the action brought under the Survival Statute, the Court held that punitive damages may be recovered if appellant's conduct was wilful or wanton as that term is defined in *McHugh v. Brown,* 11 Terry 154, 125 A.2d 583.

We think it is obvious that this Court, in *Saunders v. Hill,* Del., 202 A.2d 807, in saying that the Wrongful Death Act, Sec. 3704(b), "does create, in a sense, a new cause of action," used the term as meaning the right to sue for a recovery upon a tort, as distinguished from the tort itself. Technically, we perhaps should have used the term "right of action" rather than "cause of action." See *Homiewicz v. Orlowski,* 4 W.W.Harr. 66, 143 A. 250. This is apparent from the holdings actually made in the Saunders case. We held that the right of action conferred by this act is dependent upon the right of the person injured, had he not died in consequence of his injuries, to maintain an action for those personal injuries. We pointed out that the distinguishing feature of such an action is not found in the right of a plaintiff to recover but rather in the nature of the recovery allowed to a plaintiff. We specifically approved the rulings of *Perry v. Phila. B. & W. R. Co.,* 1 Boyce 399, 77 A. 725 and *Lynch v. Lynch,* 9 W.W.Harr. 1, 195 A. 799 as to the proposition that an action by the widow under Sec. 3704(b) is subject to the same infirmities as would exist in a suit by the husband, if he were still living. The Court below was accordingly in error in holding that the defendant cannot rely upon the Guest Statute or upon contributory negligence of the deceased as defenses in the widow's suit in which the appellant is charged with negligence.

We turn now to the various items of damages claimed by the widow. Her claim for reimbursement of funeral expenses is based upon an allegation that she personally paid them. If this be true, the law would usually imply a promise of reimbursement out of the assets of the husband's estate, at least to the extent that they are reasonable. *Smolka v. James T. Chandler & Son,* 2 Terry 255, 20 A.2d 131, 134 A.L.R. 629. As we understand his brief, the appellant concedes that a personal representative may recover reasonable funeral expenses from a tort-feasor. To avoid circuity of actions, we see no reason why the widow should not recover them directly, upon proof of reasonableness and payment by her. We agree with the lower Court's refusal to strike this claim.

The claim for that share of the accumulations which her husband would ultimately have left to the widow poses a problem not discussed in any reported decision of the Courts of this State. However, in *O'Toole v. U. S.,* 242 F.2d 308, the Court of Appeals for the Third Circuit permitted such a recovery in a case tried under Delaware law. It was there held that this loss is a financial one within the meaning of our statute. It seems to us that it is properly classified as a financial detriment just as is the loss of future support and that it is no more speculative than loss of support, which the appellant concedes to be a proper element of damage. We agree with the reasoning of the O'Toole case and are of the opinion that this claim is a permissible item of recovery, as the lower Court held. We of course are not presently concerned with the proper measure of such damages.

In considering the claim for loss of consortium, we shall assume, without deciding, that *Yonner v. Adams,* 3 Storey 229, 167 A.2d 717, (mentioned but not approved in *Stenta v. LeBlang,* Del., 185 A.2d 759) was correctly decided and that a wife may recover for such loss when her husband is merely injured. That case expressly left open the question of whether the same ruling should be applied to suits brought under Sec. 3704(b). In *Coulson v. Shirks Motor Express,* 9 Terry 561, 107 A.2d 922, the Superior Court, citing a number of Delaware cases, held that the damages recoverable under this statute "are measured by the pecuniary loss occasioned to the named

beneficiaries." The rule is, in practically every jurisdiction in which damages are not specified by statute, that loss of consortium is not a pecuniary loss and is therefore not recoverable under this type of statute. 16 Am. Jur. Death Sec. 199. We agree. The rulling of the Court below on this point must be reversed. If *Cox v. Wilm. Cy. R. R. Co.,* 4 Penn. 162, 53 A. 569, affd. 7 Penn. 1, 76 A. 1117, was intended to hold otherwise, it is overruled.

For the same reason, punitive damages may not be recovered in a widow's action since they do not constitute a pecuniary loss. McCormick on Damages, Sec. 103. On this point also, the ruling of the Court below must be reversed.

As to whether remarriage serves to mitigate damages, it appears that only two states in this country have answered the question in the affirmative in a suit by a widow. This was in the Michigan case of *Sipes v. Mich. C. R. Co.,* 231 Mich. 404, 204 N. W. 84; and the Wisconsin case of *Jensen v. Heritage Mut. Ins. Co.,* 23 Wis. 2d 344, 127 N. W. 2d 228. The majority rule is to the contrary. See 87 A.L.R.2d 252. Obviously, inherent in the minority rule is the admissibility into evidence of the probability of remarriage, a question which requires a jury to make conjectures and speculations upon the likelihood of remarriage, as well as a comparison of the manner in which the widow was supported with that in which she might be supported by some unknown future husband acquired at some unknown future date. A more speculative problem is hard to conceive. Yet, to permit an actual remarriage, but not the possibility thereof, to mitigate damages could cause unusual results. The widow who remarries the day after trial would receive an unjust preference over the widow who remarries the day before trial. We think it more reasonable to say that a defendant should not be allowed to profit by an actual or possible remarriage of the widow, just as he may not profit through monies coming to her from insurance policies purchased by her husband upon his own life, or from some other collateral source. We affirm the ruling of the Court below on this point.

With respect to the suit under the Survival Act, as we have

indicated, the appellant apparently concedes that the administratrix, if successful, may recover the funeral expenses, if the estate has paid or is obligated to pay them. We therefore make no ruling on the point. Of course, there may not be a double recovery for this item, i. e., appellee may not recover both personally and as administratrix.

The final question is whether punitive damages may be allowed in the Survival action. In this part of the complaint, wanton conduct is charged, as it must be to justify a recovery by a gratuitous guest or his estate. It was held in *Coulson v. Shirks Motor Express,* supra, that the administratrix may recover under Sec. 3701 the same items of damage which the decedent could have obtained if he had not died, citing *Quinn v. Johnson Forge Co.,* 9 Houst. 338, 32 A. 858. In Quinn the same holding was made and exemplary damages were expressly mentioned as an example of permissible recovery. Consistency of reasoning suggests the accuracy of that ruling. In Delaware, this type of damages is allowed not by way of recompense to an injured plaintiff, but as punishment to the tortfeasor when his act was committed wilfully or wantonly. *Farrow v. Hoffecker,* 7 Penn. 223, 79 A. 920; *Wyatt v. Penna. R. R. Co.,* D. C., 154 F. Supp. 143. Theoretically, there appears to be no reason for withholding this punishment simply because the victim dies from the injuries received.

Appellant advances no acceptable theory for denying such a recovery. He points to a provision of the Survival Act under which no cause of action "upon penal statutes" survives. However, we are not here dealing with a penal statute. He also points out that in most automobile accident cases, punitive damages would punish the insurer rather than the defendant. We realize the truth of that suggestion; we also realize that, under the present rule, if a host driver is liable to his gratuitous guest for any damages, he can be held responsible for exemplary damages; that result follows automatically because the same type of conduct required by the Guest Statute permits the allowance of such damages. Compare *McHugh v. Brown,* supra, and *Stein v. Diamond State Tel. Co.,* 4 W.W.Harr. 185, 146 A. 737. If these results are deemed undesirable as a matter of public policy, the Legislature is the proper forum in which to seek a change; as a Court, we cannot create

distinctions based upon the existence of insurance. We do suggest that the trial Courts keep in mind the generally accepted rule that an award for exemplary damages may not be disproportionate in amount to the award for compensatory damages. *Hughes v. Babcock,* 349 Pa. 475, 37 A.2d 551. Other than this suggestion, we make no comment as to the proper measure of those damages. The ruling of the Court below on this point must be affirmed.

Our mandate will conform to the various holdings of this opinion.